860 So.2d 1011 (2003)
REWARDS HOTEL MANAGEMENT COMPANY, LLC., Appellant,
v.
ELITE GENERAL CONTRACTORS, INC., and Yizi Weingarten, National Hotel Renovation Corp., d/b/a NHRC and Ken Shriber, Appellees.
No. 3D03-1523.
District Court of Appeal of Florida, Third District.
December 3, 2003.
*1012 Campbell & Malafy, P.A., and John Campbell, for appellant.
Leiby, Taylor, Stearns, Linkhorst and Roberts, P.A., and Larry Leiby, Plantation, for appellees.
Before COPE, GODERICH and SHEVIN, JJ.
COPE, J.
Rewards Hotel Management, LLC appeals an order enforcing an arbitration clause. We affirm.

I.
Rewards Hotel Management operates a Ramada Inn in Marathon, Florida. Rewards contracted with appellee National Hotel Renovation Corp. (NHRC) to remodel the hotel. The contract contained an arbitration clause.
Work began in July 2002 and disputes arose by the end of the year. In February 2003, Rewards Hotel Management filed suit against NHRC and three other defendants.[1] NHRC timely moved to compel arbitration and the other three defendants joined the motion.
Rewards Hotel Management moved to strike the demand, arguing that the construction *1013 contract was unenforceable. Rewards Hotel Management contended that NHRC had violated section 489.128, Florida Statutes (2002), which provides:
489.128. Contracts performed by unlicensed contractors unenforceable
As a matter of public policy, contracts entered into on or after October 1, 1990, and performed in full or in part by any contractor who fails to obtain or maintain a license in accordance with this part shall be unenforceable in law or in equity.
§ 489.128, Fla. Stat. (2002).[2]
Rewards Hotel Management argued that NHRC did not hold a Florida general contractors license at the time it signed the construction contract, nor during construction. Rewards argued that the issue of whether a party has violated section 489.128 is an issue for the court, not for the arbitrators. Rewards maintained that the trial court must conduct a hearing regarding the claimed violation of section 489.128 and, should the violation be shown to exist, the contract and its arbitration clause would fail.
NHRC contended that the alleged violation of section 489.128 was an issue to be decided by the arbitrators, not an issue for the court.[3] Relying on John B. Goodman Limited P'ship v. THF Construction, Inc., 321 F.3d 1094 (11th Cir.2003), the trial court granted the motion to compel arbitration. Rewards Hotel Management has appealed.

II.
The first issue is whether the Federal Arbitration Act applies here, or the Florida Arbitration Code. NHRC argues that the Federal Act applies because the contract involves commerce within the meaning of the Federal Act and the cases construing it. Rewards Hotel Management argues that the Florida Act applies because the contract contains a choice of law provision specifying Florida law. NHRC is correct.
The Federal Arbitration Act provides for the enforceability of "[a] written provision in .... a contract evidencing a transaction involving commerce...." 9 U.S.C. § 2. The federal language "signals an intent to exercise Congress' commerce power to the full." Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 277, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Thus, the Federal Act applies if the transaction involves "interstate commerce, even if the parties did not contemplate an interstate commerce connection." Id. at 281, 115 S.Ct. 834; see also Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
In this case a portion of the transaction included the importation of furniture from Hong Kong, which necessarily means shipment of goods in foreign and interstate commerce. It follows that this contract fits the federal definition as a "transaction involving commerce...." 9 U.S.C. § 2. *1014 Thus, the Federal Arbitration Act applies, id., and controls to the extent of any inconsistency with Florida law. See Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988).
Turning now to the substantive analysis, we entirely agree with Judge Jones that the decision in John B. Goodman Limited Partnership v. THF Construction, Inc., 321 F.3d 1094 (11th Cir. 2003), is squarely on point. The Eleventh Circuit held that "under the Federal Arbitration Act (FAA) and the Florida Arbitration Code, once the [trial] court is satisfied that the parties actually agreed to arbitrate the dispute, it is for the arbitration panel, not the [trial] court, to determine whether the underlying contracts in general are enforceable under § 489.128." See id. at 1095-98. We agree with the Goodman court on the analysis of the Federal Arbitration Act. See also Buckeye Check Cashing, Inc. v. Cardegna, 824 So.2d 228 (Fla. 4th DCA 2002), review granted, 844 So.2d 645 (Fla.2003). We are inclined to agree with Goodman regarding the Florida Arbitration Code as well, but need not reach that issue now, because the analysis under the Federal Act is dispositive.[4]
Affirmed.
NOTES
[1] Defendant Kenneth Shriberg is president of NHRC; defendant Elite General Contractors, Inc. is a general contractor affiliated with NHRC; and defendant Yizi Weingarten is a principal of Elite.
[2] The 2002 version of the statute was in effect when the parties executed the contract. In 2003, during the pendency of this appeal, the legislature amended section 489.128, with the amendment to be effective retroactively. Ch.2003-257, §§ 1,8, Laws of Fla. The parties have not addressed this amendment. So far as we can determine, the amendment does not have any impact on the arbitration issue now before us.
[3] NHRC denied that there was any violation which would render the contract unenforceable under section 489.128. NHRC stated that the permit was pulled, and all work was performed, by properly licensed persons.
[4] As to the Florida Arbitration Code, compare Goodman, 321 F.3d at 1097-98, Ronbeck Constr. Co., Inc. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992), and Post Tensioned Eng'g Corp. v. Fairways Plaza Assocs., 412 So.2d 871 (Fla. 3d DCA 1982), with Micronair, Inc. v. City of Winter Haven, 800 So.2d 622 (Fla. 2d DCA 2001) (apparently construing Florida Arbitration Code), review denied, 821 So.2d 293 (Fla.2002), Riverwalk Apartments, L.P. v. RTM General Contractors, Inc., 779 So.2d 537 (Fla. 2d DCA 2000) (apparently construing Florida Arbitration Code), and Island House Developers, Inc. v. AMAC Constr., Inc., 686 So.2d 1377 (Fla. 1st DCA 1997).