896 So.2d 707 (2005)
RAYMOND JAMES FINANCIAL SERVICES, INC., et al., Petitioners,
v.
Steven W. SALDUKAS, et al., Respondents.
No. SC03-1610.
Supreme Court of Florida.
February 24, 2005.
*708 Burton W. Wiand and Hala A. Sandridge of Fowler, White, Boggs, Banker, P.A., Tampa, FL, for Petitioner.
Christopher T. Vernon and Benjamin C. Iseman of Treiser, Collins and Vernon, Naples, Florida, and F. Paul Bland, Jr. of Trial Lawyers for Public Justice, P.C., Washington, D.C., for Respondent.
WELLS, J.
We have for review the decision in Raymond James Financial Services, Inc. v. Saldukas, 851 So.2d 853 (Fla. 2d DCA 2003), which certified conflict with the decisions in Lane v. Sarfati, 691 So.2d 5 (Fla. 3d DCA 1997), and Benedict v. Pensacola Motor Sales, Inc., 846 So.2d 1238 (Fla. 1st DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTUAL AND PROCEDURAL BACKGROUND
The Second District Court of Appeal set out the facts and background of this case, stating:
Sometime before 1999, Steven Saldukas formed an entity known as Stesal Investments Limited Partnership (Stesal Limited Partnership). On August 6, 1999, Stesal Limited Partnership opened an account with Raymond James, and Saldukas transferred a personal Roth IRA account to Raymond James. Saldukas later opened another IRA account with Raymond James.
On February 21, 2002, Saldukas and a different entity, Stesal Investments, LLC (Stesal LLC), filed an arbitration claim against Raymond James with the New York Stock Exchange (N.Y.SE) [sic]. The claim arose out of allegedly improper investment transactions in Raymond James accounts owned by Saldukas and Stesal LLC. In the statement of claim, Saldukas asserted that Stesal LLC, which was one of the parties making the claim, was formerly known as Stesal Limited Partnership.
After the statement of claim was filed with the NYSE, Raymond James' counsel sent a letter to Saldukas' counsel disputing Saldukas' and Stesal LLC's right to arbitration and stating in part that there was no agreement to arbitrate *709 this claim. Subsequently, Raymond James filed a motion to dismiss the NYSE arbitration proceeding, admitting that Stesal Limited Partnership had an account with Raymond James but asserting that Raymond James did not have an arbitration agreement with either Saldukas or Stesal LLC and that therefore neither Saldukas nor Stesal LLC had standing to seek arbitration. In the motion, Raymond James asked the NYSE to dismiss the claim "with prejudice" because "the claim or controversy is not proper subject matter for arbitration." In a letter sent to Saldukas' counsel with a copy of the motion to dismiss the NYSE proceeding, counsel for Raymond James stated:
[Raymond James] feels strongly that it has no obligation to arbitrate this case. If the New York Stock Exchange does not grant the motion to dismiss, [Raymond James] will file a lawsuit to enjoin the arbitration.
After receiving this correspondence, Saldukas and Stesal LLC filed suit against Raymond James and VandenBerg [[1]] in state court on various grounds. In the complaint, Stesal LLC alleged that it was the successor by merger to Stesal Limited Partnership. In response to the complaint, Raymond James filed a motion to dismiss, asserting that Stesal LLC had no standing to bring the action because it was not properly registered to conduct business under the laws of Florida and because it was not a customer of Raymond James. Raymond James attached various documents to its motion to dismiss that purportedly showed that Stesal LLC was not properly registered in Florida. Raymond James agreed in its motion that it had an obligation to arbitrate with Stesal Limited Partnership, but it noted that Stesal Limited Partnership was not a party to the NYSE arbitration proceeding or the suit.
After hearing argument on the motion to dismiss, the trial court denied the motion and ordered Raymond James to file a responsive pleading within ten days. As its responsive pleading, Raymond James filed a motion to stay litigation and compel arbitration. In that motion, Raymond James argued that the parties should be ordered to arbitration even though Raymond James continued to assert that Stesal LLC had no standing to bring an arbitration claim. In addition, Raymond James argued for the first time that the question of whether Stesal LLC was a proper party to the arbitration agreement should be determined by the arbitrators. In opposition to this motion, Saldukas and Stesal LLC argued that Raymond James had waived its right to arbitrate by initially refusing to arbitrate the claim, by repeatedly asserting that Saldukas and Stesal LLC had no right to arbitrate, and by threatening a lawsuit to enjoin arbitration should Saldukas and Stesal LLC persist with the NYSE arbitration proceeding. After hearing these arguments, the trial court denied Raymond James' motion to compel arbitration.
Raymond James, 851 So.2d at 854-55.
Raymond James and VandenBerg[2] filed an interlocutory appeal of the trial court's *710 denial of the motion to compel arbitration. The first issue decided by the Second District was whether Raymond James waived its right to arbitrate respondents' claims. The Second District held that there was sufficient evidence to support a finding that Raymond James waived its right to arbitrate these claims.
The Second District then decided a second issue that was argued by Raymond James, which was whether respondents should nevertheless be compelled to arbitrate because respondents failed to prove that they were prejudiced by Raymond James' actions. The Second District held that respondents were not required to show prejudice in order for the trial court to deny the motion to compel. As to this issue, the Second District's decision recognized conflict with the Third District Court of Appeal's decision in Lane and with the First District Court of Appeal's decisions in Benedict and Eden Owners Association, Inc. v. Eden III, Inc., 840 So.2d 419 (Fla. 1st DCA 2003). The First and Third Districts held that there was a requirement for proof of prejudice for there to be a waiver of a right to arbitrate sufficient to deny arbitration. The Second District's decision is consistent with decisions of the Fourth District Court of Appeal in Owens & Minor Medical, Inc. v. Innovative Marketing & Distribution Services, Inc., 711 So.2d 176 (Fla. 4th DCA 1998), and the Fifth District Court of Appeal in Morrell v. Wayne Frier Manufactured Home Center, 834 So.2d 395 (Fla. 5th DCA 2003).

ANALYSIS
We granted jurisdiction in this case to resolve the conflict among the district courts in respect to the requirement for proof of prejudice in order for there to be a waiver of the right to arbitrate sufficient to deny a motion to compel arbitration. For the purpose of the resolution of this conflict, we accept the Second District's decision that Raymond James, by its inconsistent actions, waived the right to arbitrate.[3]
As in our district courts, there is a conflict among the federal appellate courts on this issue. The Second District, in its earlier case of Donald & Co. Securities, Inc. v. Mid-Florida Community Services, Inc., 620 So.2d 192 (Fla. 2d DCA 1993), followed National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772 (D.C.Cir.1987) (waiver may be found absent a showing of prejudice). See also St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co., 969 F.2d 585, 590 (7th Cir.1992). Whereas the Third District in Lane followed S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir.1990) (showing of prejudice is required).
The district courts are in agreement that since the United States Supreme Court has not decided this issue as to the Federal Arbitration Act, Florida courts are free to interpret the federal statute as being consistent with Florida court decisions analyzing this same issue under the Florida Arbitration Code. See Rosen v. Shearson Lehman Brothers, Inc., 534 So.2d 1185, 1187 (Fla. 3d DCA 1988) ("We ... acknowledge that federal law controls, but are nonetheless comforted by the fact that our choice is consistent with the rule announced by Florida courts in cases deciding this same waiver issue under the Florida Arbitration Code."). We agree that decisions of the federal circuit courts are persuasive precedent on this issue, but they are not binding. Gross v. State, 765 So.2d 39, 45 (Fla.2000). After conducting our own analysis of the Federal Arbitration Act, we conclude that federal law is consistent with Florida arbitration and contract law on this issue.
*711 We have held that under both the Federal Arbitration Act and Florida's Arbitration Code there are three elements for courts to consider in ruling on a motion to compel the arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). We have long held that a party's contract rights may be waived by actually participating in a lawsuit or taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 680 (Fla.1973).
In our decisions we have not held that there is a requirement for proof of prejudice in order for there to be an effective waiver of the right to arbitrate. We have defined "waiver" as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right. Major League Baseball v. Morsani, 790 So.2d 1071, 1077 n. 12 (Fla.2001). This general definition of waiver is applicable to a right to arbitrate. We agree with Judge Mikva's opinion in National Foundation for Cancer Research, 821 F.2d at 774:
We cannot agree that any of these points justify a reversal of the district court's decision. The right to arbitration, like any contract right, can be waived. See [Cornell & Co. v. Barber & Ross Co., 360 F.2d 512, 513 (D.C.Cir.1966)]. The Supreme Court has made clear that the "strong federal policy in favor of enforcing arbitration agreements" is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism. [Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218-24, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)]. Thus, the question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right. See Cornell, 360 F.2d at 513.
Therefore, we conclude that the conflict among the district courts should be resolved in accord with the Second District's decision that there is no requirement for proof of prejudice in order for there to be an effective waiver of the right to arbitrate.
Arbitration is a valuable right that is inserted into contracts for the purpose of enhancing the effective and efficient resolution of disputes. Arbitration provisions are generally favored by the courts. Seifert, 750 So.2d at 636. However, an arbitration right must be safeguarded by a party who seeks to rely upon that right and the party must not act inconsistently with the right.
We approve the decision of the Second District and remand for further proceedings in the trial court. We disapprove Lane and Benedict to the extent that those decisions conflict with our decision in this case.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Richard VandenBerg, a petitioner in this Court, was the Raymond James account representative for the Saldukas accounts.
[2] In a footnote in their brief, petitioners assert that petitioner VandenBerg did not take any action and was not a party in the New York Stock Exchange proceedings. The Second District did not address whether VandenBerg acted inconsistently with the right to arbitrate. Since the district court did not address this issue in respect to VandenBerg, we do not review this issue.
[3] We decline to review this issue.