913 So.2d 32 (2005)
Angelo MORA, Appellant,
v.
ABRAHAM CHEVROLET-TAMPA, INC., d/b/a Autoway Chevrolet, Appellee.
No. 2D04-5778.
District Court of Appeal of Florida, Second District.
September 21, 2005.
Rehearing Denied October 28, 2005.
*33 Robert Aranda of Frost Tamayo Sessums & Aranda, P.A., Bartow, for Appellant.
John R. Hamilton of Foley & Lardner LLP, Orlando, for Appellee.
NORTHCUTT, Judge.
Angelo Mora appeals a nonfinal order compelling arbitration of the whistleblower action he filed against his former employer, Abraham Chevrolet-Tampa, Inc., d/b/a Autoway Chevrolet. We reverse because Autoway waived its right to demand arbitration by failing to do so before participating in the litigation.
In 2002, the parties signed an agreement for binding arbitration of any claims related to Mora's employment by Autoway. When Autoway later terminated Mora, he filed a whistleblower suit, asserting that his discharge was a retaliatory personnel action in violation of section 448.102(3), Florida Statutes (2002). Autoway filed an answer with ten affirmative defensesmaking no mention of a right to arbitrationand proceeded to engage in discovery. Two months later, Autoway moved to compel arbitration. It alleged that its attorney had only recently learned of the arbitration agreement and that neither party would be prejudiced at this early stage of the litigation. After a hearing, the circuit court granted Autoway's motion, holding that Autoway had not intentionally waived the right to compel arbitration because its counsel did not become aware of the arbitration agreement until after serving the answer and affirmative defenses.
A motion to compel arbitration presents three questions: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)). Only the waiver question is at issue here.
Generally, whether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower court's findings. Raymond James Fin. Servs., Inc. v. Saldukas, 851 So.2d 853, 856 (Fla. 2d DCA 2003) (referred to hereafter as Saldukas II), approved, 896 So.2d 707 (Fla.2005). In this case, however, we are reviewing the circuit court's application of *34 law to undisputed facts. Therefore, our standard of review is de novo. See Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003) ("[T]he standard of review applicable to the trial court's construction of the arbitration provision, and to its application of the law to the facts found, is de novo."); see also Qubty v. Nagda, 817 So.2d 952, 956 (Fla. 5th DCA 2002) ("This court reviews de novo a trial court's ruling on a motion to compel arbitration.").
Waiver has been defined as the voluntary and intentional relinquishment of a known right or conduct that implies the voluntary and intentional relinquishment of a known right. Saldukas, 896 So.2d at 711. This general definition of waiver is applicable to the right to arbitrate. Id. Thus, because a party may waive its contractual rights merely by taking actions inconsistent with those rights, a waiver of the contractual right to arbitrate may arise through a party's inconsistent conduct even in the absence of prejudice. Saldukas II, 851 So.2d at 858.
Here, the undisputed facts show that Autoway failed to raise the issue of arbitration until after serving its answer and affirmative defenses and after beginning discovery. Under similar circumstances in Bared & Co. v. Specialty Maintenance & Construction, Inc., 610 So.2d 1 (Fla. 2d DCA 1992), we determined that an order compelling arbitration must be reversed. More recently, the supreme court noted that it has "long held that a party's contract rights may be waived by actually participating in a lawsuit or taking action inconsistent with that right." Saldukas, 896 So.2d at 711. "[A]n arbitration right must be safeguarded by a party who seeks to rely upon that right and the party must not act inconsistently with the right." Id. (citation omitted). In Bared & Co. we pointed out that finding a waiver under these circumstances promotes "certainty of the law in the sense that the parties to litigation will know where they stand regarding issues like this at an early stage of the litigation." Bared & Co., 610 So.2d at 3. The fact that Autoway answered Mora's complaint and participated in discovery, instead of demanding arbitration, constituted a waiver because these actions were inconsistent with an intent to arbitrate Mora's claim. See id. (holding that filing an answer to a cross-claim without demanding arbitration was a waiver of the contractual right to arbitration); Marine Envtl. Partners, Inc. v. Johnson, 863 So.2d 423, 427 (Fla. 4th DCA 2003) ("Where a party defends on the merits by answering the complaint without demanding arbitration, a waiver is deemed to have occurred."). But see Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136 (Fla. 1st DCA 1999) (affirming finding that party did not waive right to arbitration by answering complaint without demanding arbitration as one based on competent substantial evidence).
We disagree with Autoway's contention that its failure to seek arbitration was excused because its attorney was unaware of the arbitration agreement. As a signatory to the arbitration agreement, Autoway was legally charged with knowledge of its terms from the date it was signed. See Marine Envtl. Partners, 863 So.2d at 426 ("[T]he defendants were signatories to the Licensing Agreement and legally charged with knowledge of its terms from the date it was signed."); Marthame Sanders & Co. v. 400 W. Madison Corp., 401 So.2d 1145, 1146 (Fla. 4th DCA 1981) (holding that arbitration was waived by answering complaint without demanding arbitration and rejecting excuse that party was unaware of contractual arbitration provision; parties "must be assumed to have known, and are charged with knowledge, of the provisions *35 incorporated into the contract they executed").
In the alternative, Autoway maintains that this issue should be controlled by federal law because the agreement called for "binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes §§ 682.01 et seq." It argues that none of the federal circuits would automatically find a waiver based on the facts of this case. Mora, on the other hand, contends that the contract specified the application of Florida law. Regardless, Autoway's position must fail for two reasons. First, in the realm of federal statutory law, decisions of federal circuit courts are persuasive, but we are bound only by decisions of the United States Supreme Court. Saldukas II, 851 So.2d at 856. Autoway acknowledges that this case is not controlled by any decision of the United States Supreme Court and, indeed, that the federal circuits are not unanimous in their view of what constitutes a waiver of the right to arbitrate.
Second, and in any event, Autoway has never alleged or proved facts showing that the parties' contract falls under the federal act. See Riverfront Props., Ltd. v. Max Factor III, 460 So.2d 948 (Fla. 2d DCA 1984) (stating that a foreign choice-of-law provision renders an arbitration agreement unenforceable in Florida unless the contract falls within the definition of the Federal Arbitration Act). By definition, the Federal Arbitration Act applies to a written arbitration provision in a contract "evidencing a transaction involving commerce[.]" 9 U.S.C. § 2. Commerce is defined, in pertinent part, as "commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia[.]" 9 U.S.C. § 1. Interpreting the scope of the Federal Arbitration Act, the United States Supreme Court has held that "evidencing a transaction" means a transaction that in fact involves interstate commerce even if the parties to the contract did not contemplate that it would. Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 281, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (rejecting an interpretation that would rely on the contemplation of the parties, at the time they entered the contract, as to whether interstate commerce would be involved).
To be sure, the Federal Arbitration Act supersedes Florida law where interstate commerce is involved. United Servs. Gen. Life Co. v. Bauer, 568 So.2d 1321, 1322 (Fla. 2d DCA 1990). But Autoway has not argued, below or on appeal, that this employment agreementbetween a Florida corporation and a Florida resident, for work in Floridaevidences a transaction involving interstate commerce. Cf. Gilman + Ciocia, Inc. v. Wetherald, 885 So.2d 900 (Fla. 4th DCA 2004) (holding that employment agreement involved interstate commerce when, for example, it called for service by a Florida resident to a New York company, with business conducted between Florida and New York); Rewards Hotel Mgmt. Co., LLC., v. Elite Gen. Contractors, Inc., 860 So.2d 1011, 1013 (Fla. 3d DCA 2003) (reasoning that hotel renovation contract was transaction involving commerce when it "included the importation of furniture from Hong Kong, which necessarily means shipment of goods in foreign and interstate commerce"); Coastal Health Care Group, Inc. v. Schlosser, 673 So.2d 62 (Fla. 4th DCA 1996) (concluding that contract evidenced transaction involving commerce based on affidavit outlining interstate nature of transaction, including that Florida corporation acquired stock through its parent Delaware corporation with principal place of business in North Carolina; meetings *36 and closing were held in North Carolina; and telephone discussions crossed state lines).
Accordingly, we reverse the order compelling arbitration and remand for further proceedings.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.