919 So.2d 604 (2006)
FINE DECORATORS, INC., Appellant,
v.
ARGENT GLOBAL (BERMUDA), LTD., Appellee.
No. 3D04-2258.
District Court of Appeal of Florida, Third District.
January 18, 2006.
*605 Lee Milich, for appellant.
Robert C. Maland, Miami, for appellee.
Before COPE, C.J., and WELLS and SHEPHERD, JJ.
COPE, C.J.
This is an appeal of a non-final order compelling arbitration. Because the plaintiff engaged in litigation over the parties' dispute before invoking the arbitration clause, we conclude that the plaintiff waived the right to arbitration.
According to the initial complaint filed below, plaintiff Argent Global (Bermuda), Ltd. entered into oral agreements with defendant Fine Decorators, Inc., for the decoration of two condominium units plaintiff owned at Fisher Island, units 7413 and 7925. The parties agree that separate contracts were entered into for decorating services for each unit.
Plaintiff sued defendant for breach of contract. Each party propounded discovery to the other side. There was a change of counsel for plaintiff. Both sides filed amended pleadings. By amended counterclaim, defendant sought damages from plaintiff for an alleged breach of the redecorating contract for unit 7413.
In response, plaintiff moved to compel arbitration, relying on an arbitration clause contained in the contract for redecoration of unit 7413. The trial court granted the motion to compel arbitration, and the defendant has appealed.
The defendant argues that the plaintiff waived the right to arbitration by participating in litigation regarding unit 7413 without requesting arbitration. The plaintiff argues that unit 7413 was never part of the litigation until the defendant filed its amended counterclaim asserting a breach of contract regarding that unit.
We conclude that the record supports the defendant's argument. As we read the original complaint, it referenced the existence of agreements to redecorate both units and claimed that the defendant breached those agreements. The defendant propounded interrogatories, a request for production of documents, and a notice of deposition duces tecum, all of which referenced both units. The plaintiff served a request for production of documents which mirrored the defendant's request. In its interrogatory answers, the plaintiff referred to the loss of use of the units, and never denied that it was claiming damages for breach of the contract relating to unit 7413.
We conclude that the plaintiff filed suit and proceeded into litigation on both units. In so doing the plaintiff waived the right to arbitration. That being so, we reverse on authority of Raymond James Financial Services, Inc. v. Saldukas, 896 So.2d 707 (Fla.2005). There the Florida Supreme Court said, "We have long held that a party's contract rights may be waived by actually participating in a lawsuit or taking action inconsistent with that right." Id. at 711. The court went on to say that "we have not held that there is a requirement *606 for proof of prejudice in order for there to be an effective waiver of the right to arbitrate." Id. In its decision, the Supreme Court overruled decisions of this court which had held that there could be no finding of a waiver of the right to arbitrate without showing proof of prejudice. Id. at 710.
In this case the plaintiff did not invoke the arbitration clause at the outset of the parties' dispute. Instead, the plaintiff initiated a lawsuit for breach of contract and pursued the matter for a considerable period in circuit court prior to invoking the arbitration clause on unit 7413. Under Raymond James, the plaintiff waived the right to arbitrate.
We do not fault the trial court for its ruling. The trial court applied the legal test prevailing in this district at the time of the hearing below, namely, that there must be a showing of prejudice in order for there to be a waiver of the right to arbitrate. While the case was pending on appeal, however, the Florida Supreme Court announced the Raymond James decision, which overturned the Third District rule.
Reversed and remanded for further proceedings consistent herewith.