963 So.2d 722 (2007)
COASTAL SYSTEMS DEVELOPMENT, INC., Appellant,
v.
BUNNELL FOUNDATION, INC., Appellee.
Nos. 3D06-1188, 3D06-982.
District Court of Appeal of Florida, Third District.
April 4, 2007.
Rehearing and Rehearing Denied September 26, 2007.
Holland & Knight and James D. Wing, Miami, for appellant.
*723 Katz Barron Squitero Faust and Bernard Allen, Miami, for appellee.
Before RAMIREZ, WELLS, and LAGOA, JJ.
Rehearing and Rehearing En Banc Denied September 26, 2007.
RAMIREZ, J.
The defendant, Coastal Systems Development, Inc., appeals the trial court's non-final order denying its motion to compel arbitration. Coastal also appeals the trial court's non-final order denying its motion to compel mediation, for stay pending arbitration and to strike notice for trial. The cases were consolidated for appeal. We now affirm the order denying Coastal's motion to compel arbitration and dismiss the second appeal.
This action arose out of a contract between Coastal Systems Development, Inc. and Bunnell Foundation, Inc. The contract provided that upon completion of the Broward County Beach Restoration Project, the parties would share equally in all profits earned. Coastal refused to provide any financial information to Bunnell regarding profits, so Bunnell sued Coastal on March 15, 2004. Coastal moved to dismiss based on the mediation provision contained in the contract. The motion did not indicate that the action was subject to arbitration proceedings. Neither did Coastal's amended motion to dismiss seek arbitration.
On June, 2, 2004, the trial court heard Coastal's motion to stay the proceedings pending mediation and denied it because Coastal would not provide Bunnell with a copy of Coastal's audit of the project, nor a breakdown of the expenses incurred by Coastal in connection with the project. The trial court reasoned that Bunnell could not determine the profits making mediation useless without Coastal's production of the requested documents.
Coastal then filed an Answer and Affirmative Defenses to the complaint, together with a counterclaim for breach of contract and breach of fiduciary duty. Arbitration was not mentioned. Prior to filing this Answer, Coastal did not seek to compel arbitration, but it had begun to conduct discovery. Coastal later filed an Amended Answer, Affirmative Defenses and Counterclaim filed on July 6, 2004, which also failed to seek arbitration.
On August 17, 2004, pursuant to court order, Coastal's previous counsel was substituted by another law firm. New counsel filed a motion to compel mediation, even though the trial court previously had ruled on the issue when it entered its June 2, 2004 order. Coastal also sought to stay the action pending arbitration and to strike Bunnell's Notice of Trial, but did not specifically request the court to order arbitration.[1] The trial court denied the motion by virtue of the order of June 2, 2004. Finally, on April 19, 2006, approximately three years after Bunnell filed its action against Coastal, Coastal moved to compel arbitration pursuant to paragraph 13.9 of the contract. The trial court denied Coastal's motion.
First, the trial court properly denied Coastal's motion to compel mediation and for stay pending arbitration. This motion had been previously denied. The prior denial of mediation was not an appealable order. Thus, Coastal correctly argues that the prior order was a non-final, non-appealable order.
The second motion requesting mediation also applied for a stay pending arbitration. In essence, Coastal's renewed request to *724 compel mediation filed on October 21, 2004, was the same as its previous request for mediation filed on August 19, 2004. The request in both motions was that the trial court compel mediation, not arbitration, of the underlying dispute. Both requests sought to abate the action pending mediation, according to paragraph 13.8 of the contract. As that issue was not appealable when previously denied, it is likewise not appealable now. In addition, the parties conceded at oral argument that mediation already has taken place. Accordingly, we dismiss the appeal of the Motion to Compel Mediation, for Stay Pending Arbitration and to Strike Notice of Trial.
As to arbitration, we conclude that the trial court properly denied Coastal's motion. When ruling on a motion to compel arbitration, under both the Federal Arbitration Act and Florida's Arbitration Code, the trial court must decide three things: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). Contrary to Coastal's contention, an effective waiver of the right to arbitrate does not require proof of prejudice. Id. at 711. The trial court was eminently correct in denying Coastal's Motion to Compel arbitration because Coastal waived that right. Coastal did not seek to compel arbitration in either its Motion to Dismiss and Amended Motion to Dismiss and Motion to Stay Proceedings Pending Mediation filed on April 7, 2004 and May 19, 2004, respectively. It was not until April 19, 2006, two years into the litigation, that Coastal sought to compel arbitration. Coastal waived the right to seek arbitration. Hardin Int'l., Inc. v. Firepak, Inc., 567 So.2d 1019, 1020-21 (Fla. 3d DCA 1990).
In addition, Coastal has waived its right to arbitrate by actively participating in the lawsuit. A party who actively participates in a lawsuit waives the right to arbitration. Doctors Assocs., Inc. v. Thomas, 898 So.2d 159, 162 (Fla. 4th DCA 2005). Here, Coastal did not raise the right to arbitrate in its Answer in its Affirmative Defenses. Where a party defends on the merits by answering the complaint without demanding arbitration, a waiver is deemed to have occurred. Marine Envtl. Partners, Inc. v. Johnson, 863 So.2d 423, 427 (Fla. 4th DCA 2003). Coastal also waived its right to arbitrate when it filed its Counterclaim in the underlying action. Owens & Minor Med., Inc. v. Innovative Marketing and Dist. Servcs., Inc., 711 So.2d 176, 177 (Fla. 4th DCA 1998); Coral 97 Assocs., Ltd. v. Chino Elec., Inc., 501 So.2d 69, 70-71 (Fla. 3d DCA 1987). Finally, Coastal proceeded with discovery in the underlying action, which also constitutes a waiver of its right to arbitrate. Winter v. Arvida Corp., 404 So.2d 829, 830 (Fla. 3d DCA 1981) (the court held that a party waived its right to arbitrate by filing an answer and proceeding with discovery before moving to dismiss for failure to arbitrate). See also Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229, 238 (Fla. 3d DCA 1981). In sum, all of Coastal's actions demonstrate that it waived its right to compel arbitration two years into the proceedings.
We therefore affirm the trial court's denial of Coastal's motion to compel arbitration. With respect to the trial court's denial of Coastal's non-final order denying Coastal's motion to compel mediation, for stay pending arbitration and to strike notice for trial, we dismiss the appeal.
Affirmed in part; dismissed in part.
NOTES
[1] Although Coastal's motion stated that "the Court has previously entered discovery orders in aid of mediation . . .", referring to the trial court's ruling on June 2, 2004, it is not reflected in the record. Moreover, the trial court did not order mediation.