LEVINE, J.
 

 The issue presented is whether appellant’s compliance with the mandatory statutory requirements of chapter 766, Florida Statutes, constituted a waiver of the arbitration clause previously agreed to by both parties. We find that complying with the presuit requirements did not constitute a waiver of the agreed-to arbitration, and we reverse the trial court’s ruling that arbitration had been waived.
 

 In April 2007, appellee Donna Shield went to appellant Dr. Roger Gordon, a surgeon at Strax Rejuvenation, for an ab-dominoplasty and lipectomy. By July 2008, Shield sent Gordon and Strax a notice of intent to initiate litigation for medical malpractice, pursuant to section 766.106. In September 2008, Gordon and Strax requested from Shield information relating to her claim pursuant to section 766.106 as well as a request for production pursuant to Florida Rule of Civil Procedure 1.650. Subsequently, Shield’s and Gordon’s unsworn statements were taken. As a result of the investigation, Gordon and Strax sent a letter to Shield stating that based on their investigation, they did not believe they departed from the required standard of care.
 

 In December 2008, Shield filed suit against Gordon and Strax, who, in turn, moved to dismiss and compel arbitration in April 2009. Gordon and Strax relied on the general consent executed by Shield to
 
 *933
 
 demonstrate that all parties agreed that disputes would be settled by arbitration. Shield, in response, asserted that Gordon and Strax waived their right to arbitrate by waiting to assert the right to arbitrate and participating in the presuit requirements for medical malpractice actions pursuant to chapter 766.
 

 The trial court ruled that their participation in the presuit procedures was a waiver of arbitration. The trial court found that the defendants were under “no obligation” to participate in the presuit procedures. The trial court concluded that chapter 766 is “part of the medical malpractice action, and I find that’s a knowing waiver of the arbitration clause.”
 

 The Florida Supreme Court has found that the right of arbitration can be waived by actions inconsistent with the right to arbitrate.
 
 Raymond James Fin. Sews., Inc. v. Saldukas,
 
 896 So.2d 707, 711 (Fla. 2005). The Florida Supreme Court warned that the right to arbitrate “must be safeguarded by a party who seeks to rely upon that right and the party must not act inconsistently with the right.”
 
 Id.
 
 For example, the active participation in litigation or the propounding of discovery would be circumstances where the right to arbitrate would be deemed waived.
 
 See Marine Envtl. Partners, Inc. v. Johnson,
 
 863 So.2d 423, 426 (Fla. 4th DCA 2003);
 
 see also Green Tree Sewicing, LLC v. McLeod,
 
 15 So.3d 682, 688 (Fla. 2d DCA 2009).
 

 We review de novo the trial court’s denial of a motion to compel arbitration.
 
 King Motor Co. of Fort Lauderdale v. Jones,
 
 901 So.2d 1017, 1018 (Fla. 4th DCA 2005). “In determining whether a dispute is subject to arbitration, courts must consider three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.”
 
 Id.
 
 In the present case, the parties dispute only whether the right to arbitrate was waived.
 

 In chapter 766, there is a “complex presuit investigation procedure that both the claimant and defendant must follow before a medical negligence claim may be brought in court.”
 
 Kukral v. Mekras,
 
 679 So.2d 278, 280 (Fla.1996). This chapter, and specifically section 766.201, “expressly sets forth the Legislature’s intent to provide a mechanism for the prompt resolution of medical malpractice claims through mandatory presuit investigation and voluntary binding arbitration of damages.”
 
 St. Mary's Hosp., Inc. v. Phillipe,
 
 769 So.2d 961, 969-70 (Fla.2000). For example, the statute requires that prior to filing a claim for medical negligence, a claimant must notify the prospective defendants of her intent to initiate litigation for medical malpractice. § 766.106(2), Fla. Stat. During the presuit investigation period, the claimant may not file suit; however, both parties “shall make discoverable information available without formal discovery.” § 766.106(6)(a), Fla. Stat.
 

 In the present case, all of the actions of Gordon were pursuant to the mandatory presuit provisions of chapter 766. Further, all the actions of Gordon were compelled as a direct result of Shield sending a notice of intent to initiate litigation. As a result of the notice of intent sent by Shield, Gordon was compelled to comply with the mandatory provisions of chapter 766.
 

 Presuit negotiation between the parties is not the type of action inherently inconsistent with the right to arbitrate. In
 
 Qubty v. Nagda,
 
 817 So.2d 952 (Fla. 5th DCA 2002), there was a claim that the right to arbitrate had been waived since one party failed to invoke or mention the arbitration clause during the fifteen
 
 *934
 
 months of negotiations. The court found that presuit negotiation was not inconsistent with the right to arbitrate, and there was no “duty to make a presuit demand for arbitration.”
 
 Id.
 
 at 959. Even more compelling in the present case, the presuit negotiations between the parties were statutorily mandated, as opposed to voluntary negotiations like in
 
 Qubty.
 

 This case is unlike the facts of
 
 Bland v. Green Acres Group, L.L.C.,
 
 12 So.3d 822 (Fla. 4th DCA 2009). In that case, our court found actions inconsistent with Bland’s reliance on the right to arbitrate. Bland, for example,
 

 actively avoided service; never sought to trigger the mediation pre-condition to arbitration; never made a demand to arbitrate under Fla. Stat. § 684.22(1); waited eleven months after learning suit had been refiled and over seven months after appearing to seek to compel arbitration; and engaged in settlement negotiations for years without raising the arbitration clause. These actions are sufficient to waive arbitration.
 

 Id,,
 
 at 825.
 

 An analogy can be drawn between the mandatory presuit process in medical mal-praetice eases and EEOC cases. Courts in other jurisdictions have consistently held that an employer does not waive the right to arbitration by participating in EEOC proceedings.
 
 See, e.g., Mane v. Allied Home Mortg. Corp.,
 
 402 F.3d 1 (1st Cir. 2005);
 
 Brown v. ITT Consumer Fin. Corp.,
 
 211 F.3d 1217 (11th Cir.2000). This is because an EEOC investigation might resolve a claim without a need for arbitration.
 
 Mane,
 
 402 F.3d at 16. Similarly, participating in the presuit process under chapter 766 may also resolve a claim without the need for arbitration.
 

 The Florida Supreme Court relied on the United States Supreme Court in stating that “[t]he Supreme Court has made clear that the ‘strong federal policy in favor of enforcing arbitration agreements’ is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism.”
 
 Saldukas,
 
 896 So.2d at 711 (citation omitted). They summarized the inquiry as follows: “The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.”
 
 Id.
 
 (citation omitted). It is our view, under the totality of circumstances, that Gordon’s compliance with chapter 766 did not evince any act inconsistent with Gordon’s right to enforce the arbitration clause in the general consent agreement.
 

 “Arbitration is a valuable right that is inserted into contracts for the purpose of enhancing the effective and efficient resolution of disputes. Arbitration provisions are generally favored by the courts.”
 
 Id.
 
 Where the party seeking to enforce an arbitration clause has not acted in a manner inconsistent with his right to arbitrate the dispute, we will enforce that clause like any other contractual provision.
 
 [1]
 

 We reverse and remand with instructions to order arbitration.
 

 Reversed and remanded.
 

 FARMER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Because of our ruling, we do not reach the other issue raised on appeal.