# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

Case No. 5D2025-1558
LT Case No. 2024-012802-CIDL
_____

METRONET TECHNOLOGIES, LLC,

    Appellant,

    v.

UNITED FIBER WORKS, LLC, and
R and E DRILLING, LLC,

    Appellees.

_____


On appeal from the Circuit Court for Volusia County.
Michael Scott Orfinger, Judge.

Annette M. Lindskog, of Frost Brown Todd LLP, Indianapolis,
IN, for Appellant.

Sarah L. Metz, Jennifer G. Gillikin, and Frank S. Ganz, of
Smith Bigman Brock, Daytona Beach, for United Fiber Works,
LLC.

No Appearance for Remaining Appellee.

April 10, 2026


HARRIS, J.

    Metronet Technologies, LLC ("Metronet") appeals the trial
court's Order Denying its Motion to Compel Arbitration in United

Fiber Works, LLC's ("United") Amended Complaint for Damages. For the reasons below, we agree that Metronet waived its right to arbitration and affirm.

In August 2023, United filed a complaint against R&E Drilling, LLC ("R&E") for breach of a non-compete contract for working directly with Metronet. A year later, United amended its complaint, adding Metronet as a defendant, alleging that Metronet aided and abetted R&E's breach of contract.

Metronet filed a Motion to Dismiss the Amended Complaint for Damages and further sought to compel arbitration. Metronet filed a brief in support of its motion, attaching the Master Contractor Agreement between Metronet and United. Section 28 of the agreement requires, in part:

> Any claim or controversy related to or arising out of the Agreement or any other Contract Document, whether in contract or in tort ("Dispute"), will be resolved on a confidential basis, according to the following process, which either party may start by delivering to the other party a written notice describing the Dispute and the amount involved ("Demand").

> After receipt of a Demand, authorized representatives of the parties will meet at a mutually agreed upon time and place to try to resolve the Dispute by negotiation. If the Dispute remains unresolved thirty (30) days after receipt of the Demand, either party may start binding arbitration in Evansville, Indiana.

Metronet subsequently responded to United's first request for production and later propounded its own set of interrogatories and requests for production of documents to co-defendant R&E. The interrogatories sought R&E to identify: all persons who have obtained a written statement or recorded oral statement concerning any of the events described in the complaint; all actions R&E took to inform Metronet of the non-compete agreement with United; all communications between Metronet and R&E related to

the non-compete agreement; all projects for which R&E was hired by Metronet or United for a certain time period; communications between R&E and United regarding the non-compete agreement; and an explanation of each experts' testimony expected to testify at trial. The request for production sought all: documents referred to in the answers to the first set of interrogatories; contracts and agreements between R&E and United or Metronet; documents concerning communications between R&E and United or Metronet related to the non-compete or events alleged in the complaint; and communications, written or oral, obtained from any person concerning the events at issue in the complaint.

On April 8, 2025, the court held a hearing on Metronet's motion to compel arbitration. At the conclusion of the hearing, the court orally pronounced its ruling denying Metronet's motion. Three days later, Metronet filed a Notice of Withdrawal of Discovery Requests.

The trial court then entered its written order denying Metronet's motion to compel arbitration noting that the parties did not challenge the validity of the arbitration clause in the Master Contract Agreement. The court also found that an arbitrable issue existed. However, the court rejected Metronet's argument that "because it moved to compel arbitration before serving discovery, it did not waive its right to arbitrate." The court concluded that Metronet waived its right to arbitrate because it served and propounded discovery upon co-defendant R&E, reasoning that "Florida law is clear that engaging in discovery on the merits of a case constitutes a waiver of the right to arbitrate, even when that right is timely invoked."

The court noted that after its oral pronouncement at the hearing, Metronet withdrew its discovery request. However, the court found that the withdrawal did not undo the waiver of Metronet's right to arbitrate. Accordingly, the court ordered Metronet to file an answer to United's complaint within fifteen days.

Metronet moved to reconsider, arguing in part that its withdrawal of discovery requests removed any doubt as to whether it acted consistently with its right to arbitrate and that its

3

participation in merits discovery was "forced" because United served requests for production of documents and Metronet was obligated to respond. The court denied Metronet's motion to reconsider and this appeal followed.

"Generally, whether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower court's findings." *Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682, 686–87 (Fla. 2d DCA 2009*)* (quoting *Mora v. Abraham Chevrolet−Tampa, Inc.*, 913 So. 2d 32, 33 (Fla. 2d DCA 2005)).

Metronet argues that the trial court applied an improper legal standard which focused solely on whether Metronet engaged in *any* merits-based discovery to determine whether it waived its right to arbitrate. Metronet asserts that the legal standard applied by the trial court creates a loophole in which a party could defeat arbitration simply by serving discovery, forcing the opposing party to choose between waiving its arbitration rights or violating discovery rules by failing to respond. Metronet argues that the trial court failed to consider the "totality of the circumstances" to determine whether waiver occurred, contending that a proper consideration of the totality of the circumstances by the trial court would have led it to conclude that Metronet's insignificant participation in discovery alone—coupled with the initial assertion of arbitration rights—was insufficient to result in a waiver.

United responds that the timing asserting Metronet's right to arbitrate is not dispositive of whether it waived this right, and further argues that there is competent substantial evidence to support the trial court's finding of waiver because Metronet served merit discovery that was significant in scope. United points out that the first set of interrogatories and request for production requested several different categories of documents and communications that related to the claims alleged in the complaint and that this discovery related to the central issues of the lawsuit. Metronet did not set a hearing on its motion to compel arbitration until four months after filing it, during which it propounded discovery upon R&E. Metronet also did not object when it received discovery requests from United and responded to same, and Metronet did not seek a stay of the proceedings. Thus, United

4

argues, Metronet acted inconsistently with the right to arbitration. We agree.

The right to arbitrate is based on contract and may be waived. *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005). The waiver of the right to arbitrate is a threshold matter for the trial court to determine. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). Waiver has been defined "as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." *Saldukas*, 896 So. 2d at 711. In determining whether a party has waived this right, the "essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Lion Gables Realty Ltd. v. Randall Mech., Inc.*, 65 So. 3d 1098, 1100 (Fla. 5th DCA 2011) (quoting *Saldukas*, 896 So. 2d at 711).

Contrary to what Metronet argues, the act of propounding merits based discovery and availing itself to the Florida Rules of Civil Procedure is an action inconsistent with its right to arbitration. Florida District Courts have held that active participation in discovery related to the merits of the lawsuit is generally considered inconsistent with, and thus a waiver of, the right to arbitrate. *See Olson Elec. Co. v. Winter Park Redev. Ag.*, 987 So. 2d 178, 179 (Fla. 5th DCA 2008) ("We hold that under the totality of the circumstances presented in this case, WPRA waived its right to seek arbitration by issuing discovery requests directed to the merits of the lawsuit because such conduct was inconsistent with the claim asserted in its answer that the matter was subject to arbitration."); *Gordon v. Shield*, 41 So. 3d 931, 933 (Fla. 4th DCA 2010) ("[T]he active participation in litigation or the propounding of discovery would be circumstances where the right to arbitrate would be deemed waived."); *Green Tree Servicing, LLC*, 15 So. 3d at 694 (finding competent, substantial evidence supported trial court's finding that defendant waived right to arbitrate where it propounded requests to produce and interrogatories directed at merits, then filed motion to compel responses); *Est. of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing & Rehab. Ctr.*, 971 So. 2d 811, 812 (Fla. 3d DCA 2007) (holding defendants waived right to arbitrate where they availed themselves of benefit of

5

discovery rules by propounding interrogatories, requests to produce and notices to produce to non-parties).

In *SHP IV Harbour Island, LLC v. Boylan*, 273 So. 3d 249, 250 (Fla. 5th DCA 2019), the defendant timely moved to dismiss and compel arbitration in response to a complaint for negligence and breach of fiduciary duties. Pursuant to the parties' stipulation, the trial court authorized the parties to conduct limited discovery regarding arbitration. *Id.* However, in a subsequent deposition, defendant's counsel asked the witness several questions that went to the merits of the underlying case. *Id.* This Court agreed with the trial court that the deposition covered matters extrinsic to the limited scope permitted by the court's order and was inconsistent with the right to arbitrate. *Id.* This Court noted that it "has expressly held that engaging in merits discovery is inconsistent with an arbitration request and constitutes a waiver of the right to arbitration." *Id.*

While Metronet correctly points out that section 682.03(6), Florida Statutes, requires the trial court to stay "any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision[,]" it never requested such stay either in its motion to compel arbitration or in any separate filing. Accordingly, we agree with the trial court that Metronet has waived its right to arbitration by participating in merits based discovery and affirm the order below.

AFFIRMED.

JAY, C.J., and EDWARDS, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

6