PER CURIAM.
Appellants Wrightson and James appeal the trial court’s order staying appellants’ class action suit and compelling arbitration. We reverse and remand.
Appellants Wrightson and James entered into loan agreements containing an arbitration clause as well as separate arbitration agreements with the ITT appellees. After appellants’ alleged default on the loan agreements, the ITT appellees instituted arbitration proceedings with the contractually designated arbitration forum, appellee Equilaw. After a limited appearance in the arbitration forum, appellants abandoned the arbitration proceedings and filed the present class action suit challenging the validity of the arbitration clauses. The ITT appellees moved the trial court to stay the class action suit and compel arbitration. The trial judge held a hearing at which he accepted evidence voluntarily submitted by the parties, although appellants had no meaningful opportunity to conduct discovery with respect to their allegations that the arbitration agreements were fraudulently induced. The trial court’s order found, among other things, that:
[Mjatters of record clearly indicate that Plaintiffs’ alleged claims against ITT challenge their loan transactions as a whole and are not limited to the arbitration agreements. Accordingly, Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 [87 S.Ct. 1801, 18 L.Ed.2d 1270] (1967); Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991), require arbitration.
The trial court also found that no substantial issue existed as to the making or the validity of the arbitration agreements, and that the arbitration agreements were valid and enforceable.
The trial court erred in finding that appellants were attacking, in this proceeding, their loan agreements “as a whole.” In so finding, the trial court impermissibly *336 relied on matters outside the four corners of appellants' complaint which were not presented to the trial court as relevant to the trial proceedings.[1]
Next, the trial court erred in finding that there existed no substantial issue with respect to the making or validity of the arbitration agreements. It will suffice to state that appellants presented allegations which, if true, frame a substantial question as to the validity of the arbitration agreements under state law either with respect to the manner in which the agreements were represented to appellants or with respect to the alleged bias of appellee Equi-law. In order to grant the ITT appellees’ motion to compel arbitration the trial court would have had to find under ordinary summary judgment standards that no substantial question of fact existed as to the validity of the arbitration agreements and that the defendants were entitled to judgment on that question as a matter of law.[2] First, it appears from the record that the trial court failed to apply the correct legal standard for granting summary judgment. Second, it is the unusual case where a summary judgment should be granted without first permitting the parties to conduct discovery as to the relevant issues. This is not such an unusual case. The errors below require that we reverse the trial court’s order compelling arbitration, and remand the case for further proceedings. On remand, the trial court is directed to afford the parties a reasonable opportunity to conduct discovery for the limited purpose of determining the validity of the arbitration agreements under state law. Appellants would then be entitled to a trial on the issue of the validity of the arbitration agreements assuming neither party could prevail under the usual procedure for summary judgment.
REVERSED and REMANDED.
BOOTH, SMITH and MINER, JJ., concur.

. As we have concluded that appellants are not challenging their transactions as a whole in this proceeding, we express no view on whether this court has or should align itself with the majority of jurisdictions which construe Prima Paint to hold that a challenge to the contract as a whole must proceed first to arbitration, or the minority view which holds that where the challenge to the contract as a whole encompasses a challenge to the making or the validity of the arbitration clause, the validity of the arbitration clause should first be decided in the trial court. See generally Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991).

. It is clear that the trial court's order is, in effect, a summary judgment on the question of the validity of the arbitration agreements.