ORFINGER, J.
The Florida Insurance Guaranty Association (“FIGA”)[1] appeals a non-final order, compelling it to participate in an appraisal in its sinkhole insurance dispute with Fernando and Ana Santos. FIGA contends that appraisal is inappropriate under the facts of this case, and the San-toses waived their rights to appraisal. We reject FIGA’s arguments and affirm.
In November 2009, the Santoses had a homeowner’s insurance policy with Home-Wise Preferred Insurance Company. Their home sustained suspected sinkhole damage, but HomeWise denied the claim. The Santoses sued HomeWise in June 2011 for breach of contract. HomeWise answered, denying coverage. In September, following HomeWise’s insolvency, the action was stayed when FIGA was activated to assume the Santoses’ claim. In August 2012, after the stay was lifted, FIGA was substituted as the defendant. In November, the parties jointly stipulated to an additional stay to complete a neutral evaluation. The neutral evaluator concluded that sinkhole activity could not be ruled out as a cause of the Santoses’ loss and recommended certain subsurface repairs. On February 18, 2013, FIGA agreed to comply with the neutral evaluator’s recommendations. FIGA filed a motion to dismiss, which the trial court denied. In April, the Santoses filed a request for admissions which did not address the “method of repair” or “amount of loss.” On May 13, the Santoses wrote to FIGA, demanding appraisal. On July 8, the Santoses moved the court to compel appraisal. The trial court granted the motion.
On appeal, FIGA argues that the trial court erred in ordering appraisal because the only dispute between the parties was about the “method of repair,” rather than the “amount of loss.” FIGA also raises concerns regarding the ultimate outcome of the case, including limits on its liability and its legal inability to directly pay the Santoses. However, in Florida Insurance Guaranty Ass’n v. Branco, 148 So.3d 488, *839 498 n. 6, 2014 WL 4648208 (Fla. 5th DCA Sept. 19, 2014), this Court rejected virtually identical arguments. We again reject these arguments.
FIGA next asserts that the trial court erred in ordering appraisal because the Santoses waived their appraisal rights by engaging in extensive litigation from June 2011 to July 2013. We review this issue de novo as the facts are undisputed. Id. at 493-94. Waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal. See id. at 493 (citing Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)). As we explained in Branco,
the question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether [the insureds] acted inconsistently with their appraisal rights. Saldukas, 896 So.2d at 711; see Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So.3d 704, 707 (Fla. 1st DCA 2010) (finding party did not waive right to appraisal as party had not acted inconsistently with right from time of demand).
Unlike arbitration, “[a]ppraisal exists for a limited purpose — the determination of ‘the amount of the loss.’ ” Citizens Prop. Ins. Corp. v. Mango Hill # 6 Condo. Ass’n, 117 So.3d 1226, 1230 (Fla. 3d DCA 2013). Until the insurer has a reasonable opportunity to investigate and adjust the claim, there is no “disagreement” (for purposes of appraisal) regarding the value of the property or the amount of loss to be appraised. Citizens Prop. Ins. Corp. v. Galería Villas Condo. Ass’n, 48 So.3d 188, 191 (Fla. 3d DCA 2010) (reversing prematurely-ordered appraisal). An insurer that denies coverage does not need to seek appraisal before litigation because “[i]t would make no sense to say that [the insurer] was required to request ... appraisal on a loss it had already refused to pay.” Gonzalez v. State Farm Fire & Cas. Co., 805 So.2d 814, 817 (Fla. 3d DCA 2000); see Chimerakis v. Sentry Ins. Mut. Co., 804 So.2d 476, 480 (Fla. 3d DCA 2001) (holding “an action to compel appraisal does not accrue until the policy conditions precedent have been performed or waived, and appraisal is then refused”). Absent contract language to the contrary, we see no reason why the insured should not have the same flexibility in cases when coverage is denied. But see Cypress Pointe at Lake Orlando Condo. Ass’n v. Mt. Hawley Ins. Co., No. 6:10-ev-1459-0rl-36TBS, 2012 WL 6138993, at *2 (M.D.Fla. Nov. 19, 2012) (finding insured acted inconsistently with appraisal right by pursuing litigation for two years, though insurer consistently denied coverage).
148 So.3d at 493-94.
Here, in February 2013, FIGA acknowledged that the Santoses had suffered a sinkhole loss and agreed to comply with the neutral evaluator’s recommendations. Because HomeWise had denied coverage, appraisal was not appropriate until that time. See id. at 494 (holding appraisal not appropriate until coverage conceded or determined). Roughly three months later, the Santoses demanded appraisal. In the interim, aside from responding to FIGA’s filings, they filed a single discovery request. However, because the discovery request did not go to the “amount of loss” or “method of repair,” which is the limited *840 subject of appraisal, we conclude that the Santoses did not waive their rights to appraisal. See id. (finding no waiver despite filing of single discovery request); cf. Lion Gables Realty Ltd. v. Randall Mechanical, Inc., 65 So.3d 1098 (Fla. 5th DCA 2011) (holding discovery request, which went to merits of arbitrable issue, waived arbitration).
Finding no error, we affirm the trial court’s order.
AFFIRMED.
WALLIS and LAMBERT, JJ., concur.

. “FIGA is a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers which have become insolvent.” Fla. Ins. Guar. Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187, 189 (Fla.2011); see §§ 631.51, 631.55, Fla. Stat. (2011).