ORFINGER, J.
The Florida Insurance Guaranty Association (“FIGA”)[1] appeals a non-final order, compelling it to participate in an appraisal in its sinkhole homeowner’s insurance dispute with Gerassimos Maroulis and Irina Dmitrieva (collectively “the Insureds”). FIGA contends that the Insureds waived their rights to appraisal. We agree and reverse the trial court’s order.[2]
In October 2009, the Insureds had a homeowner’s insurance policy with Home-Wise Preferred Insurance Company. Their home sustained suspected sinkhole damage, but HomeWise denied the claim. In June 2010, the Insureds sued Home-Wise for breach of contract. Despite a neutral evaluator’s finding confirming the presence Of a sinkhole, HomeWise filed its answer, denying that a covered sinkhole loss had occurred. In September 2011, HomeWise was placed into receivership. In June 2012, after FIGA was activated, the Insureds amended their complaint to substitute FIGA for HomeWise. The amended complaint did not mention appraisal.
On July 30, 2012, FIGA filed its answer. FIGA noted that it had “not denied the [Insureds’] claim,” and admitted “that the *300 [Insureds] are entitled to the amount payable for the actual repair of the loss/actual repairs to the property,” within certain limits. On October 5, 2012, by letter, FIGA “formally accepted] coverage” of the Insureds’ claim, and “extended] coverage for the recommendations of the neutral evaluator.” FIGA asserted that it was withholding payment only until the Insureds entered into a contract for the repairs that the neutral evaluator recommended.
On February 1, 2013, the Insureds filed a second amended complaint, demanding a jury trial and making no mention of appraisal. On April 17, 2013, the Insureds filed a second request for admissions, and, shortly thereafter, the parties attended mediation, which yielded no agreement. It was not until July 15, 2013, that the Insureds moved to compel appraisal. The trial court granted the Insureds’ motion to compel appraisal and this appeal followed.
The issue of waiver of appraisal rights is reviewed de novo when the facts are undisputed. Fla. Ins. Guar. Ass’n v. Branco, 148 So.3d 488, 490-494 (Fla. 5th DCA, 2014). A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal. See id. at 493 (citing Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)). As we explained in Branco,
the question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary fpcus is whether [the insureds] acted inconsistently with their appraisal rights. Saldukas, 896 So.2d at 711; see Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So.3d 704, 707 (Fla. 1st DCA 2010) (finding party did not waive right to appraisal as party had not acted inconsistently with right from time of demand).
Unlike arbitration, “[a]ppraisal exists for a limited purpose — the determination of ‘the amount of the loss.’ ” Citizens Prop. Ins. Corp. v. Mango Hill # 6 Condo. Ass’n, 117 So.3d 1226, 1230 (Fla. 3d DCA 2013). Until the insurer has a reasonable opportunity to investigate and adjust the claim, there is no “disagreement” (for purposes of appraisal) regarding the value of the property or the amount of loss to be appraised. Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass’n, 48 So.3d 188, 191 (Fla. 3d DCA 2010) (reversing prematurely-ordered appraisal). An insurer that denies coverage does not need to seek appraisal before litigation because “[i]t would make no sense to say that [the insurer] was required to request ... appraisal on a loss it had already refused to pay.” Gonzalez v. State Farm, Fire & Cas. Co., 805 So.2d 814, 817 (Fla. 3d DCA 2000); see Chimerakis v. Sentry Ins. Mut. Co., 804 So.2d 476, 480 (Fla. 3d DCA 2001) (holding “an action to compel appraisal does not accrue until the policy conditions precedent have been performed or waived, and appraisal is then refused”). Absent contract language to the contrary, we see no reason why the insured should not have the same flexibility in cases when coverage is denied. But see Cypress Pointe at Lake Orlando Condo. Ass’n v. Mt. Hawley Ins. Co., No. 6:10-cv-1459-Orl-36TBS, 2012 WL 6138993, at *2 (M.D.Fla. Nov. 19, 2012) (finding insured acted inconsistently with appraisal right by pursuing litigation for two years, though insurer consistently denied coverage).
148 So.3d at 494.
Here, FIGA acknowledged that it owed the Insureds “the amount payable for the actual repair of the loss/actual repairs to the property” on July 30, 2012, and “for *301 mally” accepted coverage by letter on October 5, 2012. Appraisal became appropriate at that time. Id. at 491 (explaining appraisal not appropriate until coverage conceded or determined by court). However, unlike in Branco, the Insureds waited almost a year after FIGA’s admission of coverage before demanding appraisal. During that time, the Insureds filed a second amended complaint, requested further admissions, and attended mediation. The long delay, combined with the significant litigation activities pursued by the Insureds after coverage was conceded, distinguishes this case from Branco. Taken together, these undisputed facts demonstrate that the Insureds acted inconsistently with, and waived, their rights to appraisal. See Morrell v. Wayne Frier Manufactured Home Ctr., 8B4 So.2d 895, 395-98 (Fla. 5th DCA 2008) (finding waiver where party litigated for eleven months with various motions and pleadings); ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574, 576 (Fla. 3d DCA 1999) (finding waiver when party engaged in “aggressive” litigation for nine months); Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc., 711 So.2d 176, 176 (Fla. 4th DCA 1998) (finding waiver when party actively litigated for thirteen months); Gray Mart, Inc. v. Fireman’s Fund Ins. Co., 703 So.2d 1170, 1171-78 (Fla. 3d DCA 1997) (finding waiver following fourteen months of litigation and demand for appraisal one month before trial).
For these reasons, we conclude the trial court’s finding that the Insureds did not waive their rights to appraisal was error and reverse.
REVERSED and REMANDED.
WALLIS and LAMBERT, JJ., concur.

. "FIGA is a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers which have become insolvent.” Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass’n, 67 So.3d 187, 189 (Fla.2011); see §§ 631.51, 631.55, Fla. Stat. (2011).

. Because this issue is dispositive, we do. not address FIGA’s other arguments.