ORFINGER, J.
The Florida Insurance Guaranty Association (“FIGA”)[1] appeals a non-final order, compelling it to participate in an appraisal in its sinkhole homeowner’s insurance dispute with Eduardo and Dora Rodriguez. FIGA contends that the Rod-riguezes waived their right to appraisal. We agree and reverse the trial court’s order.[2]
In October 2008, the Rodriguezes had a homeowner’s insurance policy with Home-Wise Preferred Insurance Company. Their home sustained suspected sinkhole damage, and in February 2010, HomeWise agreed that a covered loss had occurred. The parties disagreed as to what repairs were necessary and participated in neutral evaluation. In February 2011, the evaluator issued his report. Dissatisfied, in *303 April 2011, the Rodriguezes sued for breach of contract. Their complaint did not mention appraisal. The Rodriguezes simultaneously filed requests for admissions and production, and interrogatories. In November 2011, following HomeWise’s insolvency, the case was stayed. In June 2012, after FIGA was activated, the Rodri-guezes amended their complaint to substitute FIGA for HomeWise. The amended complaint did not mention appraisal, and was accompanied by more discovery requests.
On July 30, 2012, FIGA filed its answer, admitting coverage. In October 2012, the Rodriguezes noticed the case for trial. In February 2013, the Rodriguezes filed additional discovery requests. After an unsuccessful mediation, both parties deposed the neutral evaluator. The Rodriguezes did not move to compel appraisal until July 17, 2013, which the trial court granted. This appeal followed.
The issue of waiver of appraisal rights is reviewed de novo when the facts are undisputed. Fla. Ins. Guar. Ass’n v. Branco, 148 So.3d 488, 494 (Fla. 5th DCA Sept. 19, 2014). A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal. See id. at 493 (citing Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)). In Branco, we explained that
the question of waiver of appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether [the insureds] acted inconsistently with then-appraisal rights. Saldukas, 896 So.2d at 711; see Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So.3d 704, 707 (Fla. 1st DCA 2010) (finding party did not waive right to appraisal as party had not acted inconsistently with right from time of demand).
Unlike arbitration, “[ajppraisal exists for a limited purpose — the determination of ‘the amount of the loss.’” Citizens Prop. Ins. Corp. v. Mango Hill # 6 Condo. Ass’n, 117 So.3d 1226, 1230 (Fla. 3d DCA 2013). Until the insurer has a reasonable opportunity to investigate and adjust the claim, there is no “disagreement” (for purposes of appraisal) regarding the value of the property or the amount of loss to be appraised. Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass’n, 48 So.3d 188, 191 (Fla. 3d DCA 2010) (reversing prematurely-ordered appraisal). An insurer that denies coverage does not need to seek appraisal before litigation because “[i]t would make no sense to say that [the insurer] was required to request ... appraisal on a loss it had already refused to pay.” Gonzalez v. State Farm Fire & Cas. Co., 805 So.2d 814, 817 (Fla. 3d DCA 2000); see Chimerakis v. Sentry Ins. Mut. Co., 804 So.2d 476, 480 (Fla. 3d DCA 2001) (holding “an action to compel appraisal does not accrue until the policy conditions' precedent have been performed or waived, and appraisal is then refused”). Absent contract language to the contrary, we see no reason why the insured should not have the same flexibility in cases when coverage is denied. But see Cypress Pointe at Lake Orlando Condo. Ass’n v. Mt. Hawley Ins. Co., No. 6:10-cv-1459-Orl-36TBS, 2012 WL 6138993, at *2 (M.D.Fla. Nov. 19, 2012) (finding insured acted inconsistently with appraisal right by pursuing litigation for two years, though insurer consistently denied coverage).
Id. at 494.
Here, HomeWise acknowledged that the Rodriguezes- sustained a covered loss in February 2010. Appraisal became appro *304 priate at that time. See id. at 490 (explaining appraisal not appropriate until coverage conceded or determined by court). However, the Rodriguezes waited three years before demanding appraisal. During that period, the Rodriguezes sued HomeWise and FIGA, filed several discovery requests against both, pursued other litigation activities, and never reserved their rights to appraisal. Even accounting for the stay after FIGA’s activation, the long delay, combined with actions taken by the Rodriguezes after coverage was conceded, distinguishes this case from Branco. Taken together, these undisputed facts demonstrate that the Rodriguezes acted inconsistently with, and waived, their rights to appraisal. See Morrell v. Wayne Frier Manufactured Home Ctr., 834 So.2d 395, 395-98 (Fla. 5th DCA 2003) (finding waiver where party litigated for eleven months with various motions and pleadings); ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574, 576 (Fla. 3d DCA 1999) (finding waiver when party engaged in “aggressive” litigation for nine months); Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc., 711 So.2d 176, 176 (Fla. 4th DCA 1998) (finding waiver when party actively litigated merits for thirteen months); Gray Mart, Inc. v. Fireman’s Fund Ins. Co., 703 So.2d 1170, 1171-73 (Fla. 3d DCA 1997) (finding waiver following fourteen months of litigation and demand for appraisal one month before trial).
For these reasons,' we conclude the trial court’s finding that the Rodriguezes did not waive their rights to appraisal was error, and reverse.
REVERSED and REMANDED.
WALLIS and LAMBERT, JJ., concur.

. "FIGA is a public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers which have become insolvent.” Fla. Ins. Guar. Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187, 189 (Fla.2011); see §§ 631.51, 631.55, Fla. Stat. (2011).

. Because this issue is dispositive, we do not address FIGA’s remaining arguments.