COHEN, J.
The Florida Insurance Guaranty Association (“FIGA”) appeals a non-final order compelling it to participate in an appraisal of a homeowner’s insurance claim.[1] FIGA argues that Armando Martucci and Joyce Soper (collectively, “the Insureds”) waived their right to appraisal.[2] We disagree and affirm.
In September 2010, the Insureds filed suit against their homeowner’s insurance provider, Homewise Preferred Insurance Company (“Homewise”), claiming that a 'sinkhole had caused property damage to their home. After Homewise denied coverage of the claim, the parties engaged in extensive discovery.
■ Then, in December 2012, FIGA notified the Insureds that it was assuming the handling of their claim due to Homewise’s insolvency.[3] On July 19, 2012, FIGA ad *761 mitted — for the first time — that the Insureds’ claim was covered under the Homewise insurance policy. Shortly thereafter, the Insureds amended their complaint to substitute FIGA for Home-wise. Less than a month after FIGA filed its answer, the Insureds demanded appraisal, and eventually filed a motion to compel appraisal.[4]
FIGA claimed that appraisal was inappropriate because: (1) the Insureds waived their right to appraisal by not filing their motion to compel appraisal until two years after filing suit against Homewise; (2) the dispute centered on the method of repair rather than the amount of loss; and (3) FIGA was submitting the claim to neutral evaluation. After the parties participated in neutral evaluation, the trial court granted the Insureds’ motion to compel appraisal and stayed the proceedings. This appeal followed.
The central issue on appeal is whether the Insureds waived their right to appraisal by filing an amended complaint against FIGA and failing to demand appraisal until December 20, 2012. When the underlying facts are undisputed, as they are here, we review the issue of waiver de novo. See Fla. Ins. Guar. Ass’n v. Branco, 148 So.3d 488 (Fla. 5th DCA 2014).
Waiver of the right to appraisal occurs when a party “actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal.” Fla. Ins. Guar. Ass’n v. Maroulis, 153 So.3d 298, -, 2014 WL 5285013, 39 Fla. L. Weekly D2198, D2199 (Fla. 5th DCA Oct. 17, 2014) (citing Branco, 148 So.3d at 493). Because appraisal exists only to determine the amount of loss, and not whether coverage exists, a party cannot seek appraisal until the insurer admits coverage (or until coverage is determined by the court). Id. Consequently, a party cannot act inconsistently with the right to seek appraisal until that time. Id.
Here, appraisal was not warranted until July 19, 2012 — when FIGA first admitted coverage. See id. Thus, despite FIGA’s argument to the contrary, it is irrelevant that the Insureds engaged in extensive discovery with Homewise and failed to request appraisal until two years after filing the original complaint. Instead, the relevant time period began in July 2012, and after that time, the Insureds’ only action that was arguably “inconsistent with the right to appraisal” was amending the complaint to substitute FIGA for Homewise. They amended the complaint only a few weeks after FIGA admitted coverage, and then demanded appraisal five months later.
We recognize that the Insureds’ five-month delay makes this case fall somewhere between the cases where courts have found waiver and those where they have not. Compare Branco, 148 So.3d at 494 (finding no waiver where insured demanded appraisal three weeks after FIGA admitted coverage), and Fla. Ins. Guar. Ass’n v. Santos, 148 So.3d 837 (Fla. 5th DCA 2014) (finding no waiver where insured demanded appraisal three months after FIGA admitted coverage), with Maroulis, — So.3d at-, 39 Fla. L. Weekly at D2199 (finding waiver where insured demanded appraisal nearly a year after FIGA admitted coverage), and Fla. Ins. Guar. v. Rodriguez, 153 So.3d 301, -, 2014 WL 5285005, 39 Fla. L. Weekly D2196, D2197 (Fla. 5th DCA Oct. 17, 2014) *762 (finding waiver where insured demanded appraisal three years after FIGA admitted coverage), and Gray Mart, Inc. v. Fireman’s Fund Ins. Co., 703 So.2d 1170, 1171 (Fla. 3d DCA 1997) (finding waiver where insured litigated case for fourteen months and filed a motion for summary judgment). But the waiver analysis does not turn entirely on the amount of time the case was pending; it focuses on whether the Insureds acted inconsistently with their appraisal rights. See Branco, 148 So.3d at 493.
Certainly, the Insureds in this case could, and should, have demanded appraisal sooner. Nonetheless; we cannot say that they “aggressively litigated” the case after FIGA admitted coverage. Cf. ARI Mut. Ins. Co. v. Hogen, 734 So.2d 574, 576 (Fla. 3d DCA 1999) (finding waiver where party “aggressively litigated” for nine months). The Insureds did not request any discovery, file any motions, or otherwise indicate that they wanted to resolve the amount-of-loss issue by way of litigation rather than appraisal. Cf. Rodriguez, — So.3d at—, 39 Fla. L. Weekly at D2196-97 (finding waiver where insureds filed several discovery requests and pursued other litigation activities). Nor can we say that filing an amended complaint to substitute FIGA soon after FIGA admitted coverage was, alone, sufficient to constitute waiver. Cf. Maroulis, — So.3d at—, 39 Fla. L. Weekly at D2199 (finding waiver where insureds pursued “significant litigation activities,” including amending their complaint, requesting further admissions, and attending mediation); Santos, 148 So.3d at 839 (finding no waiver even though insured filed a discovery request because the single discovery request did not go to the “amount of loss” or “method of repair” issue).
In sum, under the facts of this case, we believe that the Insureds did not act inconsistently with, or waive, their right to demand appraisal. Accordingly, we affirm.
AFFIRMED.
TORPY, C.J., and SAWAYA, J., concur.

. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(3)(C)(iv).

. FIGA’s other arguments do not warrant discussion, as they have been thoroughly discussed and rejected in several of this Court's recent opinions. See Fla. Ins. Guar. Ass’n v. Branco, 148 So.3d 488 (Fla. 5th DCA 2014) (holding that "method of repair” is an issue that falls within the scope of "amount of loss,” and that FIGA's concerns about having to pay more than the "covered losses” and having to pay the insureds directly were not within the scope of review); see also Fla. Ins. Guar. Ass'n v. Santos, 148 So.3d 837 (Fla. 5th DCA 2014) (affirming the holding in Branco); Fla. Ins. Guar. Ass’n v. Sill, 39 Fla. L. Weekly D2197, 2014 WL 5285004 (Fla. 5th DCA Oct. 17, 2014) (same). Although FIGA has framed the issue slightly differently in this case, we remain unpersuaded.

.FIGA is a "public, nonprofit corporation created by statute to provide a mechanism for payment of covered claims under certain classes of insurance policies issued by insurers [that] have become insolvent.” Branco, 148 So.3d at 490 n. 1 (quoting Fla. Ins. Guar. *761 Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187, 189 (Fla.2011)); see also §§ 631.51-.55, Fla. Stat. (2011).

. The Homewise policy contained a provision that allowed for appraisal when the parties disputed the amount of loss.