BLACK, Judge.
Florida Insurance Guaranty Association, Inc. (FIGA), appeals a nonfinal order compelling appraisal regarding the repair of damages caused by a sinkhole to a residence owned by Franklin and Vanessa Kirschner. We reverse the order compelling appraisal and remand for further proceedings.
For the reasons expressed in Florida Insurance Guaranty Ass’n v. de la Fuente, 158 So.3d 675 (Fla. 2d DCA 2015), we conclude that appraisal is not available under the 2011 amendment to section 631.54(3), Florida Statutes, applicable to this case. Additionally, like the homeowners in Florida Insurance Guaranty Ass’n v. Waters, 157 So.3d 437 (Fla. 2d DCA 2015), the Kirschners actively litigated this case for more than two years prior to seeking appraisal. As a result, they waived any right to appraisal they may have had. See id. at D356.
As we did in de la Fuente, we certify the following questions to the Florida Supreme Court as questions of great public importance:
I. DOES THE DEFINITION OF “COVERED CLAIM” IN SECTION 631.54(3), FLORIDA STATUTES, EFFECTIVE MAY 17, 2011, APPLY TO A SINKHOLE LOSS UNDER A HOMEOWNERS’ POLICY THAT WAS ISSUED BY AN INSURER BEFORE *1031 THE EFFECTIVE DATE OF THE NEW DEFINITION WHEN THE INSURER WAS ADJUDICATED TO BE INSOLVENT AFTER THE EFFECTIVE DATE OF THE NEW DEFINITION?
II. DOES THE STATUTORY PROVISION LIMITING FIGA’S MONETARY OBLIGATION TO THE AMOUNT OF THE ACTUAL REPAIRS FOR A SINKHOLE LOSS PRECLUDE AN INSURED FROM OBTAINING AN APPRAISAL AWARD DETERMINING THE “AMOUNT OF LOSS” IN ACCORDANCE WITH THE TERMS OF THE HOMEOWNERS’ POLICY OF INSURANCE?
Reversed and remanded for further proceedings; questions certified.
CASANUEVA and KELLY, JJ„ Concur.