# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1988
Lower Tribunal No. 18-15382
_____

**People's Trust Insurance Company**,
Appellant,

vs.

**Edouard Marzouka and Marie Marzouka**,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Cole, Scott & Kissane, P.A., and Mark D. Tinker (Tampa); Brett Frankel and Jonathan Sabghir (Deerfield Beach), for appellant.

Tirado-Luciano & Tirado and Monica Tirado, for appellees.

Before LINDSEY, MILLER and LOBREE, JJ.

LOBREE, J.

People's Trust Insurance Company (the "insurer") appeals from a non-

final order denying its motion to dismiss and compel appraisal, as well as repairs, in the first party proceedings commenced by Edouard and Marie Marzouka (the "insureds") below. For the following reasons, we dismiss in part and affirm in part.

Factual and Procedural Background

The insureds made a claim of property damage due to Hurricane Irma in 2017. The insurer only partially denied coverage for the alleged loss and elected to exercise its option to repair the property in lieu of issuing a loss payment, pursuant to the policy's relevant endorsement. The insurer also required the insureds to provide, among other things, an executed form authorizing work to be performed by the insurer's preferred contractor, relying on the policy's endorsement to that effect. Following receipt of a proof of loss by the insureds that included an estimate of damage higher than the insurer's, the latter demanded appraisal, pursuant to the same preferred contractor endorsement.

Instead of participating in appraisal, the insureds filed suit, originally alleging a sole count for breach of contract, but later amending their complaint to add several other counts seeking declaratory judgment that, among other things, the policy's preferred contractor endorsement was unenforceable due to ambiguity and unconscionability, and the insureds

2

were not required to allow the insurer's preferred contractor to perform any work.  The insurer moved to dismiss the complaint and compel appraisal, the insureds' payment of the deductible, and repairs, or to abate the action in the alternative.  It relevantly argued that the repair option, preferred contractor endorsement, and appraisal provisions were enforceable and, under the facts, either abatement or dismissal was required.  The insureds mainly responded that the motion should not be granted unless and until the declaratory judgment counts raising the enforceability issues were fully disposed of.  They argued that, since compelling appraisal or repairs would logically require or presume a determination of the issues concerning the enforceability of the very provisions upon which said relief was sought, granting the insurer's motion would be the functional equivalent of summary judgment in the latter's favor on the declaratory counts challenging those same provisions.  In an unelaborated order, the trial court denied the motion and ordered the insurer to answer the complaint.  This appeal follows.

Jurisdiction

To the extent that the trial court's order denied appraisal, we have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).[1]

---

[1] The insureds argue that we should dismiss those portions of this appeal that concern the issues of payment of the deductible and compelling repairs. Based upon Baptiste v. People's Trust Insurance Co., 299 So. 3d 1148, 1150

3

<u>Standard of Review</u>

"In reviewing a trial court's order denying a motion to compel appraisal, 'factual findings are reviewed for competent, substantial evidence, and the application of the law to the facts is reviewed de novo.'" <u>People's Tr. Ins. Co. v. Garcia</u>, 263 So. 3d 231, 233 (Fla. 3d DCA 2019) (also noting that, "[w]here the facts are undisputed, a de novo standard of review applies") (quoting <u>Fla. Ins. Guar. Ass'n v. Waters</u>, 157 So. 3d 437, 439-40 (Fla. 2d DCA 2015)).

<u>Analysis</u>

The insurer argues that the trial court erred in failing to order appraisal, where it timely invoked its right under the policy, and it is undisputed that the parties disagree on the amount of loss and scope of repairs. The insureds respond that it would have been premature for the trial court to order appraisal prior to allowing discovery concerning—and even the resolution of—their declaratory judgment counts challenging the repair option, preferred contractor endorsement, and appraisal provisions. This is because "[t]he appraisal provision [the insurer] seeks to invoke requires the parties, after appraisal, to resort to the very same repair process to which

_____

(Fla. 3d DCA 2020), we agree and dismiss without prejudice all portions of this appeal not involving the appraisal determination below.

4

the [insureds] have objected on grounds of enforceability, conscionability, and public policy."

As we have recently noted, "[t]he election-to-repair endorsement has been an established option for various Florida insurance policy forms for several years." People's Tr. Ins. Co. v. Franco, 305 So. 3d 579, 582 (Fla. 3d DCA 2020). Here, upon the insurer's election to repair and demand of appraisal, the insureds instead decided to sue for breach of contract on the indemnity obligation, not the election-to-repair endorsement, and additionally sought declaratory judgment that the election-to-repair endorsement was not enforceable, whether as to appraisal or the insurer's choice of contractor.

As framed by the briefs, the main issue is whether the trial court erred in denying appraisal as premature on the basis that the insureds' complaint partly sought a declaration that the policy provisions requiring appraisal were unenforceable, which merits determination was deemed necessary before appraisal could be compelled. We answer this question in the negative.

As a preliminary determination in ruling on a motion to compel appraisal, a trial court must assess "whether an arbitrable issue exists." Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (reversing order compelling appraisal where no exchange of information, pursuant to post loss obligations, had yet taken

5

place).  Additionally, as we have previously explained, such motions "should be granted whenever the parties have agreed to [appraisal] *and the court entertains no doubts that such an agreement was made*."  <u>Preferred Mut. Ins. Co. v. Martinez</u>, 643 So. 2d 1101, 1103 (Fla. 3d DCA 1994) (reversing denial of motion to compel appraisal) (emphasis added).

Here, it was clear below that the parties disagreed as to the amount and scope of loss and that a written agreement to submit such a dispute to appraisal existed.  Accordingly, appraisal was required.  <u>See</u> <u>People's Tr. Ins. Co. v. Fernandez</u>, 46 Fla. L. Weekly D444, D444 (Fla. 3d DCA Feb. 24, 2021) ("The facts are undisputed: PTI conceded coverage, and Fernandez timely submitted his scope of loss estimate which disagreed with PTI's scope of loss estimate.  At that point, the trial court needed to evaluate whether all post-loss obligations had been met and whether appraisal was ripe before proceeding further.").

The insureds respond that appraisal was premature because they challenged the validity of the provision itself through several counts for declaratory judgment.  Although no opinion squarely addresses the issue, we find several authorities to be instructive and in support of the conclusion that the insureds' argument is correct under these facts.

In <u>Cincinnati Insurance Co. v. Cannon Ranch Partners, Inc.</u>, 162 So. 3d 140 (Fla. 2d DCA 2014), the insured sued its insurer for breach of contract only but, in successfully opposing the insurer's motion to compel appraisal, they argued—and the trial court concluded—that the appraisal provision's language was not mandatory. <u>Id.</u> at 142. The trial court explained that the provision was not mandatory because it "allowed [the insurer] to retain the right to deny the claim following a proper appraisal." <u>Id.</u> at 143. In rejecting the argument, the Second District Court of Appeal explained:

> While the trial court did not expound on the reasoning behind its decision, it could not have found the appraisal clause to be unenforceable unless the clause violated either statutory law or public policy. [The insured] points to no statutes or public policy considerations that are violated by this "retained rights" provision. Moreover, controlling Florida Law permits "retained rights" provisions, and these provisions do not render the appraisal clause unenforceable. Hence, the trial court erred to the extent it found that [the insurer] could not demand an appraisal due to the language of the appraisal clause being unenforceable as inconsistent or violative of public policy.

<u>Id.</u> (citations omitted) (reversing denial of motion to compel appraisal and remanding for appraisal and abatement of suit). Similarly, in <u>Paradise Plaza Condominium Ass'n v. Reinsurance Corp. of New York</u>, 685 So. 2d 937, 939 (Fla. 3d DCA 1996) (holding that reservation of insurer's right to contest coverage does not render damage appraisal clause "void for lack of

7

mutuality"), we affirmed an order compelling appraisal despite the insured's argument that the appraisal clause was "invalid on its face."

However, trial courts ordinarily have the discretion to decide the order in which appraisal and coverage determinations are made. Barbato v. State Farm Fla. Ins. Co., 46 Fla. L. Weekly D597, D597 (Fla. 3d DCA Mar. 17, 2021). Analogously, where declaratory counts challenging the enforceability of an appraisal clause exist, courts must enjoy no less power to decide whether to address such arguments in an adjudication of the merits of such counts, or in response to a motion to compel appraisal, before the appraisal can be enforced, as well as to decide whether an evidentiary hearing is warranted. Cf. Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 18 (Fla. 2004) (holding declaratory judgment was viable vehicle to try coverage issues, including duty to defend, and recognizing "the trial court's exercise of discretion in allowing the declaratory action to be tried prior to the resolution of the underlying liability action"). This is especially so where challenges against the enforceability of such clauses require a fact-intensive inquiry into allegations sounding in fraud, which the trial court is called to settle before they can be enforced. See, e.g., Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 464-65 (Fla. 2011) (holding that trial court, not arbitrator, was responsible for making any determination "[w]ith respect to . . .

8

defenses," such as "fraud, duress or unconscionability," and even violation of public policy, "for if an arbitration agreement violates public policy, no valid agreement exists").

Here, the complaint sought declaratory judgment in addition to the breach of contract claim in response to which the insurer sought appraisal. It alleged that the preferred contractor endorsement was unconscionable or otherwise unenforceable because: (1) "the insured has no choice but to accept [the insurer's] contractor," "cannot choose the materials used," and the insureds were not provided with the contractor's insurance information, licensure, or qualifications; (2) it does not specify how the repairs would take place and is void of basic information; and (3) it is unclear whether the repair option provision is material to the policy.

Because these are challenges targeting the enforceability of the appraisal and other policy provisions themselves, the trial court could not have granted the motion to compel appraisal as to the breach of contract claim without improperly and prematurely adjudicating these issues with regard to the declaratory judgment claims. Cf. Express Damage Restoration, LLC v. First Cmty. Ins. Co., 45 Fla. L. Weekly D2750b, D2750b (Fla. 3d DCA Dec. 9, 2020) ("[T]o the extent that the trial court decided the very question of construction that was the subject of the declaratory action,

9

the assignee is correct that the court procedurally erred in failing to deny the motion [to dismiss and compel appraisal].") (citing <u>Royal Selections, Inc. v. Fla. Dep't of Revenue</u>, 687 So. 2d 893, 894 (Fla. 4th DCA 1997) (holding that, "[i]n determining that the appellant did not state a cause of action, the trial court actually construed the various ordinances and administrative rules [at issue]," which "is the very question sought to be answered in the declaratory action," and that "the trial court cannot dispose of it on a motion to dismiss"); and <u>Travelers Ins. Co. v. Emery</u>, 579 So. 2d 798, 799 (Fla. 1st DCA 1991) (reversing final judgment denying declaratory relief and remanding for trial court to determine coverage issue requiring construction of insurance policy)).

The fact that, here, the insureds raised those same enforceability issues in response to the motion to dismiss and compel appraisal would not have changed the premature nature of the trial court's grant of the insurer's motion. <u>Cf.</u> <u>Mills v. Ball</u>, 344 So. 2d 635, 638 (Fla. 1st DCA 1977) ("In spite of the fact that appellant, in his motion to dismiss, raised an issue on the merits, a ruling by the trial court on the merits at that time was premature."). Such an order would have been, as argued by the insureds, the functional equivalent of summary judgment on those issues for purposes of the declaratory counts. <u>See</u> <u>Wrightson v. ITT Fin. Servs.</u>, 617 So. 2d 334, 336

10

(Fla. 1st DCA 1993) (reversing order compelling arbitration, in part, because trial court erred in finding that no substantial issues of fact regarding validity of arbitration agreements existed and such issues were not amenable to resolution as matter of law at that stage). Neither Cannon Ranch Partners, Inc., nor Paradise Plaza Condominium Ass'n, or any of the cases relied on by the insurer held otherwise or even considered the specific question presented to us. Relevantly, the Wrightson court's implication that the trial court *could have* compelled arbitration *despite* the enforceability challenge, had no triable issues remained on that issue at that stage, so that a functional equivalent of summary judgment would not amount to error, is dictum and does not mean that the trial court was *required* to compel arbitration under such circumstances. 617 So. 2d at 336.

Because our review of the record shows that, under these facts, the trial court neither erred as a matter of law nor in exercising its discretion to forgo appraisal until it reached the enforceability issues raised in the merits of the declaratory counts, we affirm that portion of the order.

Dismissed in part; affirmed in part.