840 So.2d 419 (2003)
EDEN OWNERS ASSOCIATION, INC., Appellant,
v.
EDEN III, INC., Roy Anderson Corp., American Home Assurance Company, Patrick T. Hope, Roy Anderson, Jr., Roy Anderson, III, John C. Ellis and Charles F. McReynolds, Appellees.
No. 1D02-2795.
District Court of Appeal of Florida, First District.
March 20, 2003.
Christopher T. McRae and David J. Metcalf of McRae & Metcalf, P.A., Tallahassee, for Appellant.
Michael D. West of Huey, Guilday, Tucker, Schwartz & Williams, P.A., Tallahassee, for Appellee Patrick T. Hope.
Charles F. Beall, Jr. and J. Lofton Westmoreland of Moore, Hill & Westmoreland, P.A., Penscaola, for Appellees Eden III, Inc., John C. Ellis, and Charles F. McReynolds.
Robert A. Emmanuel of Emmanuel Sheppard and Condon, Pensacola, for Appellees Roy Anderson Corp, American Home Assurance Company, Roy Anderson Jr. and Roy Anderson, III.
PER CURIAM.
The appellant challenges a nonfinal order staying the underlying civil proceedings and compelling arbitration. It contends *420 that the appellees waived the right to seek arbitration because they had prior knowledge of an existing right to arbitrate and engaged in acts inconsistent with that right. Specifically, the appellant asserts that it raised arbitrable issues in its initial and first amended complaints, and thus the appellees waived arbitration by responding to these complaints, engaging in pre-trial litigation, and failing to request arbitration until after the appellant's second amended complaint. Because we conclude that the appellant failed to set forth an actionable claim based upon breach of the construction contract or other contracts containing arbitration provisions until the second amended complaint, and because the appellees promptly moved to compel arbitration thereafter, the appellees' responses to the initial and first amended complaints did not constitute a waiver. See, e.g., Georgia Power Co. v. Partin, 727 So.2d 2 (Ala.1998); see also Miami Dolphins, Ltd. v. Cowan, 601 So.2d 301 (Fla. 3d DCA 1992) (noting that the party seeking to prove waiver of a right to arbitrate must demonstrate knowledge of an existing right to compel arbitration, facts inconsistent with that existing right, and prejudice to the party opposing arbitration resulting from inconsistent acts; party arguing waiver of arbitration bears a heavy burden of proof); Dickinson v. Heinold Securities, Inc., 661 F.2d 638 (7th Cir.1981) (finding that "no waiver of the right to arbitrate can occur from conducting discovery on non-arbitrable claims."); accord Rush v. Oppenheimer & Co., 779 F.2d 885 (2d Cir.1985).
The order below is accordingly affirmed.
VAN NORTWICK and POLSTON, JJ., and SMITH, LARRY G., Senior Judge, concur.