On Motion to Enforce Mandate

FARMER, J.
Since our Mandate issued in December 2003, this case has been pending in arbitration while the parties explore settlement. Recently the City filed a motion in the trial court to “reopen” the court case which has apparently been dormant since the Mandate. The City sought a ruling that the law firm representing Reuter should be disqualified on account of a recent newly added attorney to the firm. The trial court granted the motion. Reu-ter then moved to comply with our Mandate, arguing that the motion to disqualify was within the exclusive jurisdiction of the arbitrators. The trial court denied that motion, directing the parties to schedule a hearing for the judge to decide the motion for disqualification.
We quash the latter order. The issue of disqualification is within the jurisdiction of the arbitrators. The agreement to arbitrate specifies “all claims, disputes and other matters in question [e.s.j arising out of, or relating to, this Agreement or the breach thereof, shall be decided by arbitration.” The issue of disqualification constitutes an “other matter in question arising out of or relating to” the agreement. The purpose and intent of this kind of arbitration agreement would be frustrated and made ineffectual if such matters were subject to judicial intervention.
While the trial court does have continuing jurisdiction in the case, that jurisdiction is now relegated to enforcement of any final award of the arbitrators,[1] modifying or correcting such an award,[2] or instead vacating an award because of one of the statutory reasons authorizing vacatur.[3] Meanwhile, in order to give full effect to the agreement to arbitrate the trial court should stay its hand.

Order quashed.

MAY and DAMOORGIAN, JJ., concur.

. § 682.12, Fla. Stat. (2007).

. § 682.14, Fla. Stat. (2007).

.§ 682.13, Fla. Stat. (2007).