WARNER, J.
The appellant filed a complaint to disqualify appellee’s attorney from representation of appellee in a pending arbitration proceeding. Appellee moved to compel arbitration of the claim. In this appeal from the trial court’s order compelling arbitration, the appellant claims that the appellee waived the right to arbitrate the dispute, that the agreement between the parties permitted appellant to seek an injunction rather than arbitrate, and that appellant was entitled to a hearing on the issue of the unconscionability of the arbitration agreement. Under the facts of this case, we conclude that the appellee did not waive its right to arbitrate the dispute, that the dispute was within the terms of the agreement, and that appellant’s claim of unconscionability of the arbitration clause was already raised in the pending arbitration. We thus affirm.
In August 2010, appellant, Dr. Roger Freilich, sold his oral and maxillofacial surgery practice to Profiles Oral and Facial Surgery, PLLC. Profiles was represented by attorney Randall Shochet and the Dental Law Firm, P.A. The Asset Purchase Agreement, section 8.3, provided:
Seller [Freilich] warrants that it has been advised to independently consult with its own attorney and accountant and rely solely upon their legal, financial, tax and/or accounting advice for all issues related to this transaction. Sho-chet Law Group represents Purchaser [Profiles] only, regardless of whether Seller has agreed to contribute to, or pay for some or all of Purchaser’s legal fees. .
The agreement further provided in section 8.1 that “all disputes, claims and controversies” between them would be resolved by arbitration. Any dispute not resolved by mediation was to be submitted to binding arbitration in the county where the Practice was located through the American Arbitration Association (“AAA”).
Disputes arose between the parties, and in March 2011, Profiles, represented by attorney Shochet, filed with the AAA for arbitration of a breach of contract claim against Freilich. Freilich filed an answer and counterclaim also alleging breach of contract. He then filed in circuit court a complaint for injunction against Shochet, arguing that Shochet had represented him in the contract formation. He contended that for Shochet to continue to represent Profiles in the arbitration proceedings would constitute a conflict of interest. Freilich sought disqualification of Shochet and a stay of the arbitration proceedings *1138 until the court could consider the disqualification.
Shochet filed a motion to abate or dismiss alleging Freilich had failed to comply with the agreement requiring that claims be resolved by arbitration. Shortly thereafter, Shochet served three discovery requests directed to the merits of the attorney disqualification issue. Then, in May 2011, Freilich filed an amended complaint in the circuit court still naming only attorney Shochet and the Dental Law Firm as the parties. Shochet again filed a motion to stay discovery and motion for protective order seeking the court to stop discovery until the court could rule on Shochet’s motion to dismiss the complaint. On June 21, 2011, Freilich filed a motion for leave to file a second amended complaint, seeking to add Profiles as a defendant and asking the trial court to disqualify attorney Shochet from representing Profiles in the arbitration action. On July 13, 2011, Frei-lich filed the Second Amended Complaint against Shochet and added Profiles as a defendant. That same day, Profiles served a request for production of documents to Freilich, asking for documents supporting Freilich’s contention that Sho-chet represented Freilich during the underlying sale of the practice. Thereafter, on July 18, 2011, the trial court entered an agreed order allowing Freilich to serve his Second Amended Complaint, thus making Profiles a defendant.
On July 21, 2011, Profiles filed a Motion to Compel Arbitration of the suit, and in August 2011, Profiles filed a Motion to Dismiss or Stay Second Amended Complaint Based Upon Ongoing Arbitration Between the Parties. Subsequently the court entered an order granting Profiles’ motion to compel arbitration and to stay the circuit court proceedings based upon the ongoing arbitration between the parties. Freilich appeals those two orders.
Only the order granting the motion to compel arbitration is an appealable non-final order. See Fla. R. App. P. 9.130(a)(3)(C)(iv). However, our ruling on that order essentially disposes of the entire matter.
We begin with the well-established principle that arbitration is generally favored by the courts where agreed to by the parties. Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988). Arbitration can be waived, however, and it is one of the preliminary issues for courts to consider when determining whether to grant a motion to compel arbitration. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). The general definition of waiver, namely “the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right,” applies to the right to arbitrate. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). And, although actual participation in a lawsuit has generally been held to waive the right to arbitrate,
“[T]he question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.”
Id. (quoting with approval Nat’l Found, for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C.Cir.1987)).
Freilich contends that when Profiles sent its request for discovery on July 13th, it waived arbitration of the issue, based upon the line of cases which hold that engaging in discovery in litigation is inconsistent with adherence to the right to arbi *1139 trate and thus constitutes a waiver of the right. See, e.g., Lion Gables Realty Ltd. v. Randall Mech., Inc., 65 So.3d 1098, 1101 (Fla. 5th DCA 2011), and cases cited therein. In Lion, however, as in most other eases, discovery or other litigation was undertaken for weeks or months before the filing of the motion to compel arbitration. In this case, Profiles and Freilich were already involved in arbitration. Profiles had filed for arbitration, and Freilich filed a counterclaim in the arbitration proceedings. Profiles was only joined in the injunction suit Freilich filed against Shochet on July 18th, when the court signed the order authorizing the complaint. Before any response was due on Profiles’ single request for discovery, Profiles moved to compel arbitration within the pending arbitration and later to stay the injunction complaint, including discovery.
We think the trial court did not abuse its discretion in granting the motion to compel arbitration and in refusing to find that Profiles had waived its right to arbitrate when it had already asserted that right, and the parties were engaged in arbitration. The totality of the circumstances show that Profiles had not intentionally or voluntarily relinquished that right. The pendency of arbitration between the parties distinguishes this case from other cases finding that engaging in discovery constitutes a waiver of the right to arbitrate. As all doubts regarding the question of waiver of arbitration right should be resolved in favor of arbitration, Rath v. Network Mktg., L.C., 790 So.2d 461, 463 (Fla. 4th DCA 2001), the trial court did not abuse its discretion in ordering arbitration.
Freilich also contends that the agreement permitted the injunction based upon an express exception to arbitration in the agreement. Specifically, the agreement provided: “The requirement of arbitration shall not prohibit a party from seeking injunctive relief from a court of competent jurisdiction immediately following an alleged breach of this Agreement by the other party.” That provision, however, must be interpreted in light of the specific provision with respect to injunctions in the agreement. Section 5.10 contains restrictive covenants including a non-competition clause and clauses to protect confidential information, patient lists, and non-solicitation of staff members. It contains a provision authorizing the non-breaching party to obtain an injunction to enforce these restrictive covenants. Thus, the specific exception to the arbitration requirement referring to injunctions permits the non-breaching party to obtain an injunction to preserve the restrictive covenants.
Moreover, the parties included as a specific term of the contract that the Sho-chet law firm -represented only the purchaser. The arbitration agreement extended to any dispute regarding the terms of the agreement. The extent of Shochet’s representation being a term of the agreement, it was subject to arbitration. See Reuter Recycling of Fla., Inc. v. City of Hallandale, 993 So.2d 1178, 1179 (Fla. 4th DCA 2008) (where subject of disqualification of attorney comes within the broad terms of the agreement, it is within the jurisdiction of the arbitrators to decide).
Finally, Freilich argues that he should have been entitled to a hearing on the issue of the unconscionability of the arbitration agreement. He did not raise this in any pleading before the trial court. He requested it sua sponte at the hearing on the motion to compel. However, Frei-lich having filed a counterclaim in the arbitration proceeding itself, we agree with Profiles that Freilich has waived his right to challenge the arbitration agreement in circuit court because of his seeking his *1140 rights pursuant to the arbitration clause. In fact, he admits that he raised an uncon-scionability defense in the arbitration proceeding. Just as active participation in litigation can waive the right to arbitration, we think that active participation in arbitration proceedings waives the right to have the court decide the issue of uncon-scionability.
For the foregoing reasons, we affirm the order compelling arbitration.
DAMOORGIAN and CONNER, JJ., concur.