DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAN STANKOS** and **JOANNE STANKOS,** Individually and as
Parents and Natural Guardians of **SAM JADEN STANKOS**, a Minor
Child,
Appellants,

v.

**AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.,**
Appellee.

No. 4D17-3361

[ September 12, 2018 ]

Appeal of non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No.
062016CA006103AXXXXCE.

David J. Sales and Daniel R. Hoffman of David J. Sales, P.A., Jupiter,
and Jack Scarola and David P. Vitale, Jr. of Searcy Denney Scarola
Barnhart & Shipley, P.A., West Palm Beach, for appellants.

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Rafferty
E. Taylor and Martin D. Stern of Hinshaw & Culbertson, Fort Lauderdale,
for appellee.

PER CURIAM.

William and Joanne Stankos (the "Stankoses") timely appeal a non-final
order compelling arbitration in the underlying personal injury action. It is
undisputed that the defendant below, the Amateur Athletic Union of the
United States, Inc. ("AAU"), waived arbitration by answering the Stankoses'
initial complaint. However, after the Stankoses filed an amended
complaint, AAU filed a motion to compel arbitration, arguing that its right
to seek arbitration was revived by the amended complaint. The trial court
granted AAU's motion and entered the order compelling arbitration.
Having determined that the Stankoses' amended complaint did not revive
AAU's right to compel arbitration, we reverse.

## Background

The underlying action arises from a head injury, which the Stankoses' minor son suffered during a taekwondo competition organized by AAU. The Stankoses' initial complaint alleged several causes of action against AAU, including claims for negligence, "misrepresentation and concealment," loss of filial consortium, and injunctive relief. AAU filed an answer and an amended answer to the initial complaint. AAU also engaged in extensive discovery pertaining to the merits of the case.

More than a year after the initial complaint was filed, the Stankoses filed an amended complaint.[1] In the amended complaint, the Stankoses added two additional causes of action, namely, a claim alleging that AAU violated section 943.0438, Florida Statutes (2013), and a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

The count alleging violations of section 943.0438 appears to be directed at augmenting the Stankoses' negligence count based on a theory of negligence per se for AAU's alleged failure to comply with the provisions in that statute requiring youth sports organizations to adopt certain safety measures. *See* § 943.0438(2)(f) & (g), Fla. Stat.

Additionally, the FDUTPA count alleged in relevant part that "[p]ermitting children, such as Jaden, to compete in 'light head contact' competitions *without first* complying with Florida state law to enforce rules and bylaws intended to protect youth athletes from potentially life-long injuries related to concussions and head injuries, is obviously deceptive, grossly unfair, and beyond conscionable."

After the amended complaint was filed, AAU moved to compel arbitration based on an arbitration clause contained within the AAU handbook. The Stankoses agreed to be bound by this clause when they applied for an AAU membership. In the motion, AAU argued that, although it may have waived arbitration by answering the initial complaint, its right to seek arbitration was revived when the Stankoses filed their amended complaint, which AAU maintains expanded the scope of the litigation. The trial court granted the motion and entered an order

---

[1] The Stankoses' original complaint against AAU was styled below as an "Amended Complaint." Accordingly, any references in this opinion to the "original complaint" or the "initial complaint" will refer to the complaint styled below as the "Amended Complaint," and any references in this opinion to the "amended complaint" will refer to the complaint styled below as the "Second Amended Complaint."

compelling arbitration.

## Discussion

As a preliminary matter, there is no doubt that AAU waived its right to compel arbitration by answering the Stankoses' initial complaint and engaging in discovery directed to the merits of the case. *Doctors Assocs., Inc. v. Thomas*, 898 So. 2d 159, 162 (Fla. 4th DCA 2005); *Marine Envtl. Partners, Inc. v. Johnson*, 863 So. 2d 423, 427 (Fla. 4th DCA 2003).

With respect to the effects of the amended complaint, no Florida case holds that the right to compel arbitration is revived by the filing of an amended complaint. To the contrary, at least one district court of appeal has concluded that "[t]he fact that the plaintiffs filed an amended complaint does nothing to revive [the defendant's] right to arbitration." *Morrell v. Wayne Frier Mfrd. Home Ctr.*, 834 So. 2d 395, 398 (Fla. 5th DCA 2003).

AAU argues, based on *Eden Owners Ass'n, Inc. v. Eden III, Inc.*, 840 So. 2d 419 (Fla. 1st DCA 2003), that an amended complaint can revive a defendant's previously waived right to compel arbitration. AAU's reliance on *Eden* is misplaced. In *Eden*, the plaintiff did not raise an arbitrable issue until it filed its second amended complaint. *Id.* at 420. As the plaintiff's earlier complaints did not raise any arbitrable issues, the defendant did not waive arbitration by answering those complaints. *Id.* In this case, unlike *Eden*, the Stankoses' initial complaint raised arbitrable issues.

AAU also argues, based on federal case law, that an amended complaint can revive a defendant's previously waived right to compel arbitration if the amended complaint unexpectedly alters the nature and scope of the litigation. *See, e.g., Krinsk v. SunTrust Banks, Inc.*, 654 F. 3d 1194 (11th Cir. 2011). In *Krinsk*, the court held that an amended complaint, which expanded the putative class by thousands (possibly tens of thousands), revived the defendant's right to compel arbitration. *Id.* at 1203–04. The court determined, as a matter of fairness, that the defendant's right to seek arbitration was revived because the defendant "could not have foreseen that [the plaintiff] would expand the putative class in such a broad way nine months into the litigation." *Id.* at 1204.

In this case, unlike *Krinsk*, the amended complaint does not alter the scope or theory of the underlying litigation in an unforeseeable way. The amended complaint does not involve issues significantly separate and distinct from those raised in the original complaint. The new claims are

3

still directed toward the minor child's injury and AAU's safety practices. The Stankoses' claim under section 943.0438 merely provides a possible basis for a finding of negligence per se based on the same core set of facts raised in the initial pleading. Similarly, the FDUTPA claim, assuming it is even viable,[2] does not unexpectedly alter the scope or theory of the litigation. The original complaint already asserted a similar claim for misrepresentation, and already sought injunctive relief that would be applied to other taekwondo participants at AAU events. Finally, the inclusion of a request for attorney's fees in the FDUTPA claim cannot be deemed to have materially altered the scope or theory of the litigation.

Accordingly, we reverse the trial court's order compelling arbitration and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

TAYLOR and FORST, JJ., concur.
LEVINE J., concurs specially with opinion.

LEVINE, J., concurring specially.

I concur in the result to reverse the trial court's rulings. I also write to expound upon why the *Krinsk* standard is the correct standard to apply when determining whether an amended complaint would allow the defendant to rescind an earlier waiver and revive an arbitration agreement after waiving it following the initial complaint.

In granting the motion to compel arbitration, the trial court found that the right to arbitration was not waived and, even if it was waived, there was no showing of prejudice. Initially, the trial court erred in applying a prejudice test because under Florida law proof of prejudice is not required "in order for there to be an effective waiver of the right to arbitrate." *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005).

Additionally, the trial court erred in finding that AAU did not initially waive arbitration. Although Florida law favors resolution by arbitration, a valid contractual right to arbitrate a dispute may be waived. *Id.* "A party who actively participates in the litigation waives its right to compel arbitration." *Sitarik v. JFK Med. Ctr. Ltd.*, 11 So. 3d 973, 974 (Fla. 4th

---

[2] The amended complaint does not specify what the Stankoses' alleged "actual damages" are under the FDUTPA count. However, FDUTPA expressly excludes claims for personal injury or death. § 501.212(3), Fla. Stat. (2013).

4

DCA 2009).  In this case, AAU actively participated in litigation by filing an answer and affirmative defenses as well as an amended answer and affirmative defenses and engaging in discovery after the initial complaint. *See id.*

In *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011), the Eleventh Circuit recognized that there are circumstances in which an amended complaint can revive the right to compel arbitration:

> [A] defendant's waiver of the right to compel arbitration is not automatically nullified by the plaintiff's filing of an amended complaint.  Rather, courts will permit the defendant to rescind his earlier waiver, and revive his right to compel arbitration, only if it is shown that the amended complaint unexpectedly changes the scope or theory of the plaintiff's claims.

*Id.* (citations omitted).  The right to compel arbitration is not revived, however, where the amended complaint makes only minor changes to the factual allegations or legal claims previously asserted.  *Id.*  Thus, in *Krinsk*, the court found that the right to compel arbitration could be revived by the filing of an amended complaint that broadened the potential scope of litigation by opening the door to thousands of new class plaintiffs not contemplated in the original class.  *See also Plaintiffs' S'holders Corp. v. S. Farm Bureau Life Ins. Co.,* 486 Fed. Appx. 786 (11th Cir. 2012).

The *Krinsk* standard is consistent with Florida cases involving counterclaims, which suggest that an amended complaint could revive the right to arbitration if it involves issues separate and distinct from those raised in the original complaint, or if the amended complaint significantly alters the scope and nature of the litigation.  For instance, in *Owens & Minor Medical, Inc. v. Innovative Marketing & Distribution Services, Inc.*, 711 So. 2d 176 (Fla. 4th DCA 1998), appellant filed suit against appellee for breach of contract, among other claims.  Appellee filed a counterclaim, alleging that the contract was fraudulently induced and, if enforceable, breached by appellant.  Appellant moved to compel arbitration.  This court found that appellant waived its right to arbitrate by actively participating in the litigation.  We rejected appellant's argument that it did not participate in the litigation in relation to the counterclaim, stating:

> [T]he counterclaim does not involve issues separate and distinct from those raised in appellant's amended complaint .  . . . The matters raised in the counterclaim are intertwined with issues raised in the amended complaint, since to decide

each claim a fact finder would necessarily have to resolve fact issues common to both.

This close relationship between the claims of the parties distinguishes this case from those cited by appellant, where claims subject to arbitration were "separate and distinct" from claims for which arbitration had arguably been waived. *See Design Benefit Plans, Inc. v. Enright*, 940 F.Supp. 200 (N.D. Ill. 1996); *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328 (7th Cir.1995). Similarly, the counterclaim did not significantly alter the scope and nature of the litigation, such that it revived a previously waived right to demand arbitration. *Cf. Gilmore v. Shearson/American Express Inc.*, 811 F.2d 108 (2d Cir. 1987); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995). . . .

*Id.* at 177. *See also Chaikin v. Parker Waichman LLP*, 42 Fla. L. Weekly D2165 (Fla. 2d DCA Oct. 11, 2017); *Fine Decorators, Inc. v. Argent Glob. (Bermuda), Ltd.*, 919 So. 2d 604, 606 (Fla. 3d DCA 2006); *Hawkins v. James D. Eckert, P.A.*, 738 So. 2d 1002, 1002-03 (Fla. 2d DCA 1999).

The *Krinsk* standard is also consistent with Florida law pertaining to waiver. Waiver is defined as "the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right." *Roger E. Freilich, D.M.D., P.A. v. Shochet*, 96 So. 3d 1135, 1138 (Fla. 4th DCA 2012) (citation omitted). In analyzing whether waiver has occurred, "[t]he essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Id.* (citation omitted). Thus, where an amendment unexpectedly changes the scope or theory of the claims, it cannot be said that the opposing party knowingly waived arbitration.

Changed circumstances, like in *Krinsk*, should result in the court re-evaluating whether the waiver covers the amended complaint. Waiver may not be irreversible and all-encompassing. Facts and circumstances do matter when evaluating the scope of the waiver. Factually, AAU waived the right to compel arbitration as to the first complaint, contrary to the trial court's finding. Only as to the second amended complaint do we make a separate inquiry as to whether there is a continuing waiver. Applying the *Krinsk* standard to this case, although the amended complaint added two new counts, it did not "unexpectedly change[] the scope or theory of [appellants'] claims." *Krinsk*, 654 F.3d at 1202. Rather, the issues in the

6

amended complaint were substantially the same as the issues in the original complaint for which AAU had already waived arbitration.

For all of these reasons, I would reverse.

* * *

***Not final until disposition of timely filed motion for rehearing.***