DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTINE COOPER,**
Appellant,

v.

**REHABILITATION CENTER AT HOLLYWOOD HILLS LLC,
HOLLYWOOD HILLS LLC, HOLLYWOOD HILLS, LLC, HOLLYWOOD
PROPERTY INVESTMENTS LLC,** and **FLORIDA POWER & LIGHT
COMPANY,**
Appellees.

No. 4D20-163

[October 21, 2020]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE17-022161.

Scott P. Schlesinger and Jeffrey L. Haberman of Schlesinger Law Offices, PA, Fort Lauderdale, and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Julie W. Allison of Julie W. Allison, P.A., Hollywood, and Dorothy F. Easley of Easley Appellate Practice PLLC, Miami, for appellees.

WARNER, J.

We affirm the order of the trial court compelling arbitration of appellant's claims against the appellee, Rehabilitation Center at Hollywood Hills, LLC. The arbitration agreement called for arbitration of "any controversy or claim arising out of or relating to this Agreement or breach thereof." Because the arbitration clause is broad in scope, appellant's claims are subject to it.

Appellant is a resident of the appellee Center, a nursing care facility. At the time of the incident described in the complaint, appellant had lived there for two years and she was dependent on the nursing staff for her daily care. The underlying action seeks to recover for injuries suffered by appellant at the Center when it lost power to its air conditioning units during Hurricane Irma. Appellant's multi-count complaint alleged causes

of action in tort. It alleges that the Center failed to provide appropriate nursing care and shelter for the residents when the power went out, including: negligently permitting them to stay in high heat conditions for days; failing to relocate or evacuate the residents when conditions became life-threatening; failing to properly assess the residents and to call for emergency assistance; and failing to have an emergency plan, including for evacuation in an emergency.

The Center moved to compel arbitration pursuant to the agreement. The admission agreement provides that "we [The Center] shall provide nursing facility care and services to you [in] exchange for payment." It also contained an arbitration clause which provides: "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the provisions of the Florida Arbitration Code found at Chapter 682[.]"

Appellant objected, contending that the arbitration agreement did not cover tort claims. After a full hearing, the court granted the motion, based upon the general policy favoring arbitration agreements. It concluded that appellant's complaints came within the broad language of the arbitration clause. This appeal followed.

A legion of cases have established that arbitration agreements are favored, and courts "should resolve all doubts about the scope of an arbitration agreement . . . in favor of arbitration, rather than against it." *Ronbeck Const. Co., Inc. v. Savanna Club Corp.*, 592 So. 2d 344, 346 (Fla. 4th DCA 1992). *See also Roe v. Amica Mut. Ins. Co.*, 533 So. 2d 279 (Fla.1988); *Roger E. Freilich, D.M.D., P.A. v. Shochet*, 96 So. 3d 1135 (Fla. 4th DCA 2012).

Florida courts generally classify arbitration agreements into two basic types: "(1) provisions with language and application narrow in scope; (2) provisions with language and application broad in scope." *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013); *see also Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636-37 (Fla. 1999). A narrow arbitration clause is one which requires arbitration for claims "arising out of" the subject contract. *See Jackson*, 108 So. 3d at 593; *Seifert*, 750 So. 2d at 636-37. A provision which is broad in scope allows for arbitration of claims "arising out of or related to" the contract, including tort claims. *Seifert*, 750 So. 2d at 639.

Even in contracts containing broad arbitration clauses, however, there must be "some nexus between the dispute and the contract containing the arbitration clause." *Seifert*, 750 So. 2d at 638. "The addition of the words

'relating to' broadens the scope of an arbitration provision to include those claims that are described as having a 'significant relationship' to the contract—regardless of whether the claim is founded in tort or contract law." *Jackson*, 108 So. 3d at 593. "[A] claim has a nexus to a contract and arises from the terms of the contract if it emanates from an inimitable duty created by the parties' unique contractual relationship." *Jackson*, 108 So. 3d at 593.

We conclude, as did the trial court, that the claims of appellant arise out of or are related to the contract. The Center agreed to provide nursing care at the facility in return for payment. The claims of appellant arise out of failure to provide appropriate nursing care and to provide for appellant's well-being after the hurricane. Appellant's entire relationship with the Center is based upon their agreement, and her claims involve what she alleges that it failed to do in providing those services and protecting her.

In *Consolidated Resources Healthcare Fund I, Ltd. v. Fenelus*, 853 So. 2d 500, 505 (Fla. 4th DCA 2003), we considered an identical arbitration clause in a wrongful death action against a nursing home. There, the agreement provided that nursing home would provide "nursing care, personal care, or custodial care" to the resident. *Id.* at 502. The estate claimed that the home had failed to provide adequate health care, nursing care, and protective care, resulting in the resident's death. We held that these tort claims could be arbitrated under the agreement, because there was "a strong nexus between the dispute giving rise to the lawsuit and the contract containing the arbitration clause. That the claim sounds in negligence (failure to exercise reasonable care) rather than breach of contract (failure to fulfill a contractual obligation) does not ipso facto sever an otherwise significant relationship between the contractual obligation and the matter in dispute." *Id.* at 506.

While this agreement is very brief in the detail of the service it provides, there is no question that the claims relate to the Center's agreement to provide for nursing services and care. As we are required to resolve any doubts as to the scope of an arbitration agreement in favor of arbitration, we conclude that the broad agreement requires arbitration of appellant's claims.

*Affirmed.*

MAY and KUNTZ, JJ., concur.

*         *         *

3

*Not final until disposition of timely filed motion for rehearing.*